JOSEPH P. THWING and another *vs.* ROBERT A. DAVISON and another.

February 5, 1885.

**Equity—Executed Contract of Sale—Error in Computation.**—Where one of the parties to an executory contract has been led by mistake or fraud to do or accept, as a performance of the contract, what it does not call for, the courts will afford relief as in other cases of fraud or mistake.

Appeal by defendants from an order of the district court for Hennepin county, *Koon,* J., presiding, overruling a demurrer to the complaint.

The complaint alleges in substance the following facts: On April 24, 1883, the plaintiffs and defendants entered into a written contract of sale, wherein the defendants sold, and the plaintiffs purchased, certain land in Hennepin county, which the defendants agreed to convey by a good and sufficient warranty deed. In this contract the defendants expressly covenanted and represented that the land described did and should contain 109 68-100 acres, but as a matter of fact the land only contains 97 28-100 acres. The land was purchased by the acre, and the price as expressed and as agreed in the contract was $325 per acre, amounting in all to $35,646. The terms of the sale were $1,000 cash upon the execution of the contract, $10,882 cash upon delivery of the warranty deed, $9,452 to be paid by plaintiffs' assuming and agreeing to pay existing incumbrances to that amount upon the land, and the balance to be paid in three equal instalments due on or before one, two and three years from May 20, 1883, with interest at seven per cent., for which plaintiffs agreed to give their promissory notes, secured by mortgage upon the land. The $1,000 was duly paid upon the execution of the contract, and on May 17, 1883, the defendants delivered to plaintiffs a duly-executed warranty deed of the land, in which the expressed consideration was $35,646, such sum being the product of $325 multiplied by 109 68-100, and the plaintiffs paid the $10,882 cash, assumed the existing mortgages, and gave six notes, (it having been mutually agreed that six notes should be given instead of three,) each for the

sum of $3,960.66, aggregating $23,764, which notes were payable, two in one year, two in two years, and two in three years, and were secured by mortgage upon the land. To 'these notes were attached interest coupons, each for the sum of $138.62. The amount of each of these notes was, by mutual mistake of all parties, made $3,960.66, making the total $23,764 (thus including the incumbrances which plaintiffs had assumed) instead of $2,385.33, making a total of $14,-312, which was the balance of the sum of $35,646 after deducting the cash paid and the incumbrances assumed. Upon discovery of this error there was credited by mutual agreement upon each of the six notes a proportionate amount of the difference between $23,764 and $14,312, and a corresponding credit was made upon the interest coupons. The plaintiffs have taken up and paid all of the six notes but two, of which the aggregate amount of principal and interest unpaid is about $4,000, and both of which are held by the defendants. The plaintiffs, at the time of the delivery of the deed, notes and mortgage and the adjustment of the error in the six notes, did not know that there was any shortage or deficiency in the number of acres of land conveyed, and did not discover the shortage until November 23, 1883. The value of the shortage, at the contract price per acre, is $4,030, and plaintiffs have actually paid in full for all the land actually conveyed. The plaintiffs duly demanded a surrender of the two remaining notes and a discharge of the mortgage, and offer to pay the balance due, if any, after deducting the shortage; but the defendants refuse to comply with such demand and offer. The plaintiffs pray judgment declaring the notes paid, directing that they be surrendered to be cancelled, and adjudging the mortgage satisfied, upon payment by plaintiffs of any balance which may remain after deducting the amount of the shortage.

*Ueland, Shores & Holt*, for appellants.

Since the delivery of the deed no action can be maintained upon the articles of agreement. The articles are merged in the deed, which is the final contract of the parties. *Fritz* v. *McGill*, 31 Minn. 536; *Twyford* v. *Wareup*, Finch, 310; *Stebbins* v. *Eddy*, 4 Mason, 414; *Martin* v. *Hamlin*, 18 Mich. 353; *Bull* v. *Willard*, 9 Barb. 641; *Williams* v. *Hathaway*, 19 Pick. 387; *Rowley* v. *Flannelly*, 30 N. J. Eq.

612; *Dickinson* v. *Voorhees*, 7 W. & S. 353; *Smith* v. *Evans*, 6 Binney, 102; *Kreiter* v. *Bomberger*, 82 Pa. St. 62.

*Thomas G. Eaton*, for respondents.

GILFILLAN, C. J. It is apparent from the complaint that when the executory contract to convey was made, the parties supposed that the tract which defendants agreed to convey to plaintiffs contained, and defendants covenanted in the contract that it did contain, 109 68-100 acres. And, although not as clearly stated in the complaint, it is also apparent that when the parties came to the performance of the executory contract,—the defendants, by the execution of the conveyance, and the plaintiffs, by the payment of the cash part of the price then to be paid, and the execution of the notes and mortgage to secure the remainder,—and when they calculated the aggregate amount of the price, for the purpose of stating it in the conveyance and fixing the amount of the notes and mortgage, the plaintiffs, at any rate, were still under the belief, and charity towards the defendants requires us to suppose that they were also, that the tract contained that number of acres. And as the purchase was by the acre, at the rate of $325 per acre, they calculated the aggregate price upon the basis of that number of acres in the tract, and stated the consideration in the conveyance, and made the notes and mortgage accordingly. But, in fact, there were only 97 28-100 acres in the tract.

The case is, therefore, that the defendants in effect agreed to sell, and the plaintiffs to purchase, the tract in question, at a sum to be fixed by multiplying $325 by the number of acres actually in the tract, and that, when they came to consummate the purchase, they, through mistake of fact as to the quantity actually in the tract, fixed the sum by multiplying $325 by the number of acres they supposed to be in it, to-wit, 109 68-100, instead of by the number actually in it, to-wit, 97 28-100; thus, through mistake of fact, stating the aggregate price as $4,030 more than it ought to have been, and than had been agreed to.

Generally, where there is an executory contract, (and the rule has been most frequently applied to contracts for the conveyance of real estate,) and the parties perform it, doing and accepting certain acts, or executing and accepting certain deeds or contracts, in full

satisfaction and discharge thereof, the executory contract becomes *functus officio,* and the rights of the parties must rest upon the acts done, or contracts made, in performance of their original contract. And if such acts or contracts vary in some respects from those stipulated for in the executory contract, the presumption is that the parties altered their original intentions, and that the acts done or contracts executed in performance give expression to the final purposes of the parties.     But this conclusive effect is given to what is done in performance only in the absence of fraud or mistake.     If one of the parties has been led by fraud, or mutual mistake of fact, clearly shown, to do or accept what the executory contract did not call for, the courts will give relief as in other cases of fraud or mistake.     *Tarbell* v. *Bowman,* 103 Mass. 341; *Wilson* v. *Randall,* 67 N. Y. 338; *Paine* v. *Upton,* 87 N. Y. 327.

Order affirmed.