FRANK C. GRISWOLD *et al. vs.* WILLIAM W. EASTMAN *et al.*

Argued Oct. 20, 1892. Decided Oct. 29, 1892.

**Findings Justified by the Evidence.**

Evidence *held* to justify the findings of fact.

**Deed Given in Performance of Contract—The Contract is Functus Officio.**

Rule applied that, where a deed is executed and accepted in performance of an executory contract to convey, thereafter the rights of the parties are conclusively determined by the deed, and not by the contract, unless it be shown that the grantee has been led by fraud or mistake of fact to accept something different from what the executory contract called for.

Appeal by plaintiffs, Frank C. Griswold, and thirty-nine others, from an order of the District Court of Hennepin County, *Lochren,* J., made February 6, 1892, refusing a new trial.

William W. Eastman and John L. Merriam, in April, 1866, were the owners of Nicollet Island, in the Mississippi River, above the falls of St. Anthony, and within the corporate limits of the city of Minneapolis. This island is a plateau elevated about forty feet above the river surrounding it. The slope or bluff extending from the river bed to the top of the plateau is more or less steep and abrupt, varying in width from a few feet at one point, to nearly two hundred feet at the widest place. On April 17, 1866, Eastman and Merriam platted into lots and blocks that part of the island lying above Bridge street. On May 17, 1866, the plat was filed in the Registry of Deeds of Hennepin County. The lots were platted facing the river and fronting onto Park street, (now Island avenue,) which runs along the edge of the plateau between the lots and the river bank. The plat, as it now appears, shows the outside line of Park street to be along the edge of the plateau. There is written on it the words: "The line of this (Park) street next to the river follows along the margin of the top of the bluff."

The plaintiffs are the owners of these lots through mesne conveyances from Eastman and Merriam. The conveyances all refer to the plat. The plaintiffs brought this action against William W.

Eastman and Susan R. Eastman, his wife, alleging that they claim title to the land lying between the edge of the bluff and the river. Plaintiffs seek to enjoin defendants from asserting title to this land and to have it adjudged that Park avenue (now Island avenue) embraces and covers all of the land between the front line of the lots and the water's edge. The defendants answered that defendant William W. Eastman owned in fee, and was in possession of, all that part of Nicollet Island lying between Park street as shown on the recorded plat and the Mississippi river, and that plaintiffs claimed an interest therein adverse to him, and he demanded judgment determining such adverse claim. The action was tried July 20, 1891. The court found that the plat, as it appeared of record, was the original and genuine plat as made by Eastman and Merriam; that the outer line of Park street was along the top of the bluff, and that defendant William W. Eastman was the owner in fee of all the land on the slope of the bank of the river lying between Park street and the water's edge. Judgment was entered in accordance with the findings. The plaintiffs made a motion for a new trial on the grounds of (1) newly-discovered evidence; (2) that the decision was not justified by the evidence and was contrary to law. The motion was denied, and plaintiffs appeal.

*F. C. Griswold* and *J. Guilford*, for appellants.

*E. C. Chatfield* and *F. B. Hart*, for respondent.

MITCHELL, J. The issues in this case were all of fact, and, although the arguments of counsel have taken a somewhat wide range, really the only question on this appeal is whether the findings of the trial court were justified by the evidence. The land in dispute is that part of Nicollet island above Bridge street lying between the margin of the top of the bluff and the Mississippi river.

This part of the island was platted by defendant and one Merriam, then owners, in May, 1866; and the respective plaintiffs, who are (through mesne conveyances) grantees of Eastman of lots fronting on Park street, (now Island avenue,) claim that he dedicated the land in dispute to public uses as a park or parkway. This claim seems to have been based on two grounds: (1) A dedication by the

plat itself; and (2) representations to the original grantees of the lots, which operate as an estoppel against Eastman.

Upon the trial the main issue was as to whether the plat now on record (defendant's Exhibit 1) was the genuine and original plat executed and filed by Eastman and Merriam; the plaintiffs asserting that it was not,—at least not the one according to which their grantors purchased; or, if it was, that it has been subsequently altered. The evidence fully justified the finding of the court to the effect that this plat, in the condition in which it now appears, is the one and the only one ever executed or filed by Eastman and Merriam.

This finding is decisive of the present action, for all the conveyances of these lots by Eastman were made according and with reference to this plat, and the plat expressly states that "the line of this [Park] street next to the river follows along the margin of the top of the bluff;" and there is absolutely nothing on the plat indicating that any land outside of that line was dedicated to public use. The suggestion is made that the words on the plat limiting the riverside line of Park street are written in such small letters that they would be liable to be overlooked, and purchasers thereby deceived. As is pertinently remarked by the learned trial judge, this might have some force if there was any evidence that any purchaser consulted the plat, and was thereby deceived. There is not only an entire absence of any such evidence, but for anything that appears every purchaser from Eastman might have had actual knowledge of the existence of these words when he accepted his conveyance.

It appears that contracts for the sale of some of these lots were made before the plat was filed for record, and there is some evidence to the effect that one Patterson, defendants' agent for the sale of the lots, represented to the proposed purchasers that Park street ran to the river, and exhibited to them some other plat different from the one subsequently filed and now on record, and that the purchasers made their contracts with reference to that plat.

Without referring to the vagueness of this testimony, it is enough to say that, after the plat was executed and filed, conveyances according and with reference to it were accepted in performance of these executory contracts; and there is not a particle of evidence

that at the time of the acceptance of these conveyances the purchasers were not fully aware of the nature and contents of the recorded plat.

Where deeds are executed and accepted in performance of executory contracts to convey, the latter become *functus officio,* and thenceforth the rights of the parties are to be determined by the deeds, and not by the contracts, the presumption being that the deeds give expression to the final purposes of the parties; and the deeds will be conclusive *unless it be shown* that the grantees have been led by fraud or mistake of fact to accept something different from what the executory contracts called for, in which cases the courts will give relief as in other cases of fraud or mistake. *Whitney* v. *Smith,* 33 Minn. 124, (22 N. W. Rep. 181;) *Thwing* v. *Davison,* 33 Minn. 186, (22 N. W. Rep. 293.)

This disposes of all the evidence as to what was done or said before the deeds were executed, and very clearly there has been nothing done or said by Eastman since that which would create an estoppel against him. As correctly remarked by the trial judge, "to deprive one of the title or right to the beneficial use of his property by estoppel, the facts constituting the estoppel must be shown by fairly clear and trustworthy evidence, and cannot rest on mere doubtful inferences."

It is not difficult to see how, under all the circumstances, the plaintiffs may have assumed, without ever having investigated what legal basis there was for the assumption, that the land between their lots and the river would always remain open and unobstructed. But the evidence is certainly utterly insufficient to establish any such legal right on their part.

There was no error in refusing a new trial on the ground of newly-discovered evidence. The new evidence was merely cumulative, and the plaintiffs made no sufficient showing of diligence. Moreover, even if the new evidence had been introduced, we do not see that it could have changed the result.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 542.)

An application for reargument was denied Nov. 16, 1892.