## WILKERSON v. EILERS, *Appellant.*

### Division Two, February 14, 1893.

1. **Deed of Trust:** SALE: ADVERTISEMENT IN TWO PAPERS. The provision in a deed of trust requiring notice of sale, to be published in some newspaper for thirty days before the day of sale, is complied with where the publication was made for two days in the St. Louis *Daily Journal* and for twenty-nine succeeding, consecutive days in the St. Louis *Times-Journal*, the latter being the consolidation of the *Journal* and the *Times* and no lapse occurring between the two publications in the *Journal* and the succeeding publications in the *Times-Journal*.

2. **Practice:** QUESTIONING WITNESS AS TO CONTENTS OF WRITING SIGNED OR WRITTEN BY HIM: RIGHT TO READ WHOLE PAPER: DEPOSITION. When a witness has been examined as to the contents of any paper written or signed by himself, as a matter of justice and fairness to him the entire paper should be read, or at least as much of it as has any bearing upon the questions in regard to which he has been interrogated. The rule applies to depositions as well as to other instruments written or signed by the witness.

3. **Ejectment:** INSTRUCTION. In an action of ejectment, where the title and right of possession are expressly denied in the answer, an instruction assuming that plaintiff was the owner of the land and entitled to the possession, unless defendant had acquired the title by adverse possession, is erroneous.

4. ———: TITLE: ADVERSE POSSESSION. In ejectment plaintiff must recover, if at all, upon the strength of his own title, and, where he holds under a valid conveyance and the defendant had no paper title, the jury should be told that plaintiff's deed vests in him the title, and he is entitled to possession, unless his right of action is barred by the statute of limitations.

5. ———: ———: ———: GOOD FAITH. One who takes possession of land without color of title can only acquire title thereto by ten years consecutive, actual, open, notorious adverse possession under claim of ownership; and in such case good faith in taking or holding possession is not required.

6. **Practice:** INSTRUCTION. An instruction should not be given when there is no evidence upon which to base it.

7. **Ejectment**: TITLE: ADVERSE POSSESSION: KNOWLEDGE OF OWNER: CLAIM OF OWNERSHIP. Actual, continued, visible, notorious and hostile possession is tantamount to a claim of ownership, and such possession for ten years will bar the owner's right to recover whether he knew the facts or not.

*Appeal from St. Louis City Circuit Court*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*F. & Ed. L. Gottschalk* for appellant.

(1) The trustee's deed to Virginia Wilkerson was improperly admitted in evidence. The deed to Wilkerson's trustee required, upon default, the publication of notice of sale to be for thirty days in some newspaper. The deed offered showed the publication was in two papers, but in neither of them for thirty days. *Kellogg v. Carrico*, 47 Mo. 157. (2) The court refused to admit proper testimony, and to allow defendant to read the depositions of witnesses, Pausch, Dobler and Berry. *Prewitt v. Martin*, 59 Mo. 333; *Norris v. Brunswick*, 73 Mo. 256; *Korte v. Hoffmann*, 97 Mo. 286; *State v. Talbott*, 73 Mo. 358; *State v. Stein*, 97 Mo. 333; *State v. Mathews*, 98 Mo. 125; *State v. West*, 95 Mo. 149; *Edwards v. Crenshaw*, 30 Mo. App. 514. (3) The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence. (4) The only instruction asked by defendant was improperly refused. *Huckshorn v. Hartwig*, 81 Mo. 651. As to adverse possession see *Cole v. Parker*, 70 Mo. 373; *Hamilton v. West*, 63 Mo. 93; *Ekey v. Inge*, 87 Mo. 493. The modification of this instruction by the court was misleading. (5) The first instruction given for plaintiff is therefore erroneous, as it is predicated upon the weakness of defendant's title alone, and not on the strength of plaintiff's.

Suppose plaintiff had no title at all, he would still be entitled to a verdict under this instruction. The plaintiff in ejectment must recover, if at all, on the strength of his own title. *Marion v. Elliott*, 99 Mo. 622; *Duncan v. Able*, 99 Mo. 188; *Cape Girardeau, etc., v. Renfroe*, 58 Mo. 265; *Foster v. Evans*, 51 Mo. 39; Statute, 1889, sec. 4633; *Mather v. Walsh*, 107 Mo. 131. It is erroneous, secondly, for the reason that it has the words "claiming to be the owner thereof" interpolated by the court, as in defendant's refused instruction already spoken of. It is erroneous, thirdly, for calling for "good faith" in the taking and holding of the possession by defendant. This part of the requirement only applies to possession with color of title, when the tenant being in the actual possession of a part of the land claims title to the whole in good faith, or to a *bona fide* entry on public lands.

*Campbell & Ryan* for respondent.

(1) The advertisement was continuous and for the full period of time required by the deed, and the fact that the "St. Louis Daily Journal" and "St. Louis Times," consolidated under the name "St. Louis Times-Journal," did not affect the notice which began in the "St. Louis Daily Journal;" there was no break in the publication and the same persons received the paper; there was full compliance with the terms of the deed and proper legal notice given. *Soule v. Chase*, 1 Rob. (N. Y.) 223; *Isaacs v. Shattuck*, 12 Vert. 668; *Reimer v. Newell*, 47 Minn. 237; *Mitchell v. Nodaway Co.*, 80 Mo. 257; *Bank v. Stumpf*, 73 Mo. 311; *Kellogg v. Carrico*, 47 Mo. 157; *Powers v. Kueckhoff*, 41 Mo. 425; *Duncan v. Matney*, 29 Mo. 368; *Gray v. Shaw*, 14 Mo. 341; *Rice v. Brown*, 77 Ill. 549; *Graham v. Felts*, 53 Miss. 307. (2) It was not error in the circum-

stances of this case to refuse to permit defendant to read the depositions of Pausch, Dobler and Berry. *State v. Mathews*, 98 Mo. 125; *Liggett v. Morgan*, 98 Mo. 39; *Parsons v. Railroad*, 94 Mo. 286; *Huhn v. Railroad*, 92 Mo. 440    (3) It was not error to give the instruction which assumed plaintiff's title to be good, as (except as to the legal question of the sufficiency of the advertisement) there was no dispute as to the plaintiff's title.    *Field v. Railroad*, 80 Mo. 203; *Caldwell v. Stephens*, 57 Mo. 589.    (4) Mere possession, however long-continued, open and notorious, without a claim of ownership, gives no title; hence the interpolation in defendant's instruction was rightly made by the court and the plaintiff's instructions correctly declared the law applicable to the facts. *Mather v. Walsh*, 107 Mo. 121; *Cook v. Farrah*, 105 Mo. 492; *Cole v. Parker*, 70 Mo. 373; *Walbrunn v. Ballen*, 68 Mo. 164; *Hamilton v. West*, 63 Mo. 93; *Bradley v. West*, 60 Mo. 33; *Dolby v. Snuffer*, 57 Mo. 294; *Davis v. Thompson*, 56 Mo. 39; *Fugate v. Pierce*, 49 Mo. 441; *Bowman v. Lee*, 48 Mo. 335; *Sherin v. Brackett*, 36 Minn. 152; *Shearer v. Middleton*, 88 Mich. 621; *Creekman v. Creekman*, 75 Va. 430; Angell on Limitations, sec. 384, p. 388, and sec. 390, p. 396.    (5) The objection made by appellant to the use of the words "good faith" in the first instruction given for plaintiff is not supported by authority or reason. *Bradley v. West*, 60 Mo. 33; Tyler on Ejectment, p. 887; *Liggett v. Morgan*, 98 Mo. 39; *Livingston v. Iron Co.*, 9 Wend. 511; *Creekman v. Creekman*, 75 Va. 430. (6) The fourth instruction given for plaintiff was applicable to the facts and properly declared the law. *Bartlett v. O'Donoughue*, 72 Mo. 563; Tyler on Ejectment, 909; *Pike v. Robertson*, 79 Mo. 615; *Musick v. Barney*, 49 Mo. 458.    "The indications of adverse possession and claim should be so patent that the

owner visiting his land could not be deceived." Hence upon the evidence the verdict was manifestly for the right party.  *Cook v. Farrah*, 105 Mo. 492; *Pike v. Robertson*, 79 Mo. 615; *Musick v. Barney*, 49 Mo. 458; *Draper v. Shoot*, 25 Mo. 197; *Moore v. Thompson*, 69 N. C. 120.  "To bar the true owner the adverse possession is presumed to have been known and acquiesced in by him." *Musick v. Barney*, 49 Mo. 458; Angell on Limitations, sec. 390, p. 399.

BURGESS, J.—An action of ejectment for a small parcel of land in the city of St. Louis, being in the western part of block number 92 of the St. Louis commons, containing about one and three hundredths acres and fronting about four and fifty-seven hundredths chains on the east line of the Stringtown road, now Virginia avenue, by a depth east on its north line of about two and six hundredths chains, and on its south line of about three and fifty-nine hundredths chains. The suit was commenced on the twenty-second day of May, 1890. The answer is a general denial.

The plaintiff is the husband of Virginia Wilkerson. The evidence tended to show title from the government to Bridget Ivory, who on the seventeenth day of November, 1874, executed a deed of trust on the premises to Alfred Carr, as trustee, for the use and benefit of Virginia Wilkerson to secure a loan of a certain amount of money. The deed of trust provided that the land should be advertised for thirty days before the day of sale in some newspaper in the city of St. Louis.

Plaintiff read in evidence over the objections of defendant a trustee's deed from Alfred Carr to Virginia Wilkerson, executed on the seventeenth day of December, 1878, and made under a sale under said deed of trust by Carr as trustee. It appears that the notice of the trustee's sale was advertised in the St.

Louis Daily Journal on November fourteenth and fifteenth and in the St. Louis Times-Journal twenty-nine times in addition thereto, making altogether thirty-one times. The Times and Journal were consolidated about the middle of November, 1878, and the next issue thereafter was called the Times-Journal, and there was no lapse between the ceasing of the one and the issuing of the other.

The evidence also tended to show that the defendant had been in the open and adverse possession of the land for more than ten years before the commencement of this suit.

There was a verdict and judgment for plaintiff for possession and defendant brings the case to this court by appeal.

Defendant's first contention is that the court improperly admitted in evidence the trustee's deed to Virginia Wilkerson, because invalid and of no effect, for the reason that the deed of trust under which the sale was made by the trustee Carr provided that the notice of the sale should be published in some newspaper for thirty days before the day of sale, while in fact the notice was published in two different newspapers, two days in one and only twenty-nine in the other, and was not published for the requisite length of time in either paper. The evidence clearly shows that the publication was but the continuation of the one notice, and, although the name of the paper in which the notice was first inserted was changed by reason of its consolidation with another, we can but conclude that the publication of the notice was in strict compliance with the provisions of the deed of trust.

As was said by Judge REDFIELD in the case of *Isaacs v. Shattuck*, 12 Vt. 668, where the statute required the publication of an advertisement for the sale for taxes to be published in the "Vermont Repub-

lican," and it was published in the "Vermont Republican" and the "American Yeoman," "that the name of the paper being entirely changed if it could be made to appear that it was the same paper required by the statute, the advertisement would be legal." And in the case of *Soule v. Chase*, 1 Rob. (N. Y.) 223, where the notice of sale was required to be published in the "New York Day Book," and the notice was published in the "Evening Day Book," it was held to be a compliance with the order. To the same effect is the case of *Reimer v. Newell*, 47 Minn. 237. We must therefore rule this point against the appellant.

The court permitted plaintiff's counsel on the cross-examination of several of defendant's witnesses to call their attention to statements made by them in their depositions, which had been taken on the fifteenth day of March, 1890, in regard to the matters in issue in this case, and to ask them if they had not at that time made certain statements which were in seeming conflict with those made by them on the trial of the cause. Defendant then offered and asked permission of the court to read the whole of the depositions, which it declined to do. When a witness has been examined in regard to the contents of any paper, writing, written or signed by himself, then, as a matter of justice and fairness to him, the entire paper should be read, or at least as much of it as has any bearing upon the questions in regard to which he has been interrogated. The witness would have the unquestionable right to see the paper before answering if he had not made certain statements contained therein, and the party using it would have no right to take an unfair advantage of him by making garbled extracts therefrom, and calling his attention thereto, for the purpose of contradicting him, when, if the whole instrument was read, such apparent contradiction would not appear or rather

would be dispelled. This is so even though no part of the deposition should be read to the jury by counsel conducting the examination at the time. By calling the attention of the witnesses to such statements in the presence of the jury, and then not reading the depositions at all, or any part thereof, so that the jury might know, whether or not the statements were in conflict, was treating the witnesses unfairly, and leaving the jury to draw their own inferences from insinuations and impressions made therefrom which may have been erroneously formed by reason of the intimations of counsel in regard to the statements in the depositions. The same rule applies in regard to depositions that applies in regard to all other written instruments written or signed by the witness. *Prewitt v. Martin*, 59 Mo. 333; *State v. Talbott*, 73 Mo. 358; *Romertze v. Bank*, 49 N. Y. 577; 1 Greenleaf on Evidence, sec. 462.

The court at the request of plaintiff instructed the jury as follows:

"The court instructs the jury that unless they find from the evidence that the defendant at the time he entered upon the said land occupied the same in good faith, and that he had for more than ten years prior to the beginning of this suit held visible, continuous, adverse possession in good faith of the whole of said land or some particular part thereof, described by marked and definite limits or boundaries, claiming to be the owner thereof, then you will find for plaintiff."

This instruction is manifestly wrong for several reasons. In the first place it assumes that plaintiff was the owner of the land and entitled to its possession, unless the defendant had acquired the title by adverse possession for a period of ten consecutive years, while the title and right of possession were expressly denied in the answer. Instead of assuming these facts and resting plaintiff's right to recover on

the weakness of the title of defendant, the jury should have been told in an instruction that the deeds under which plaintiff's wife claims the title, were sufficient to and did vest in her the title, and that plaintiff as her husband was entitled to the possession unless his right of action was barred by the statute of limitations. *Mather v. Walsh*, 107 Mo. 121.

It is bad for the further reason that it requires that defendant's possession should have been in good faith. Good faith is not required in cases of this kind. It is inconceivable how it should be so. Here defendant took possession of a tract of land that he had no shadow of title to, was a wrongdoer, a trespasser when he entered into the possession, still he may become the absolute owner by thus occupying for the statutory period; and yet by this instruction good faith is required on his part. If he were claiming under some kind of color of title, or had gone into possession by some kind of trick or deception, we can very well see how it might be different, as when claiming under color of title the actual possession of a small portion by virtue of the color of title is extended to the whole tract embraced within the color, while in the case at bar defendant could only have acquired title by limitation of that part of the tract that he was and had been for ten years in the actual, open, notorious and adverse possession of. *St. Louis v. Gorman*, 29 Mo. 593; *DeGraw v. Taylor*, 37 Mo. 310; *Goltermann v. Schiermeyer*, 111 Mo. 404. This instruction was for the reasons we have stated misleading.

There was no evidence whatever that defendant ever abandoned or discontinued the possession of the premises after he once acquired it, and for this reason plaintiff's fourth instruction was unauthorized for the want of evidence upon which to predicate it.

Defendant asked the court to instruct the jury as follows:

"The court instructs the jury, that if they believe from the evidence that the defendant was in the actual, open, notorious and continued adverse possession of the land in controversy for at least ten years before the institution of this suit, *claiming to be the owner thereof*, then they will find their verdict for defendant."

This instruction was refused as asked; but was given after inserting the words in italics. In amending the instruction and in refusing it as asked, the court committed no error. It is well settled law that in order to bar the true owner of his right to the possession of his land where the occupant holds without color of title, as in the case at bar, his possession must be open, notorious, continuous and adverse for the period of ten consecutive years, claiming to be the owner thereof. *Bowman v. Lee*, 48 Mo. 335; *Fugate v. Pierce*, 49 Mo. 441; *Nelson v. Brodhack*, 44 Mo. 596. If defendant's possession of the land had been adverse to plaintiff, open and notorious, and under claim of right thereto for ten years prior to the time this suit was brought, plaintiff's right of action was barred whether he knew the facts or not. *Scruggs v. Scruggs*, 43 Mo. 142. Actual, continued, visible, notorious and hostile possession is tantamount to a claim of ownership. *Shearer v. Middleton*, 88 Mich. 621.

The cause is reversed and remanded to be proceeded with in accordance with the views herein expressed.

All of this division concur.