## BARNEY BUNKERS v. HENNING PETERS.[1]

June 13, 1913.

Nos. 18,129—(146).

**False representations — verdict sustained by evidence.**

1. Action to recover damages for a false representation that a certain tract of land contained 160 acres, on the faith of which an exchange of lands was procured. In fact it contained less. The first of two preliminary contracts stated the amount of land as 160 acres, the second stated it as 160 acres, more or less. The oral testimony as to representations was in conflict, plaintiff claiming that the representations were made and defendant denying it. The statement in the preliminary contract is not conclusive. The case presents only questions of fact. The case has been twice tried before a jury and on each trial a verdict was rendered for defendant. The case presents no ground for reversal of an order denying a motion to set aside the second verdict.

**Testimony at former trial.**

2. Plaintiff offered in evidence testimony given by defendant on a former trial. Defendant's counsel was properly allowed to offer such other portions of the defendant's former testimony as might be necessary to supplement and explain the testimony offered by plaintiff.

**Charge to jury — incorrect statement of law.**

3. An incorrect statement of law in the charge as to a matter not in controversy is not reversible error, where it is not probable that the jury was misled thereby.

1 Reported in 141 N. W. 1118.

Action in the district court for Murray county to recover $1,116, because of false representations that the land conveyed to plaintiff contained 160 acres when in fact it contained only 145 acres. The facts are stated in the opinion. The case was tried before Quinn, J., acting as judge of the Thirteenth judicial district, who at the close of the case denied plaintiff's motion to direct a verdict in favor of plaintiff for the amount demanded, and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Morris Evans* and *A. J. Daley,* for appellant.

*Janes, Howard & Janes,* for respondent.

HALLAM, J.

Defendant owned a quarter section of land in Clay county, Iowa. Plaintiff owned 400 acres in Murray county, Minnesota. On June 19, 1906, they made a contract for an exchange. This contract was consummated in December, 1906, by delivery of deeds. The deed to the Iowa land from defendant to plaintiff recited a consideration of $12,000, described the land by government subdivisions, and as "containing one hundred sixty acres, more or less, according to government survey." The land in fact contained only 145.12 acres. It is not claimed that the mere fact that this government subdivision was short gives plaintiff any right to relief. Plaintiff's claim is "that he accepted the deed by mistake induced by the fraudulent representations of the defendant as to the number of acres of land in the Iowa quarter section." He claims that defendant represented that this tract contained full 160 acres; that the price agreed upon was $75 an acre, and that the total price of $12,000 was arrived at on that basis. The defendant denies that he made any such representation. This is the issue. Counsel engaged in some controversy as to whether the recovery asked was on contract or in tort, or both. We are not particular about names. The gist of the action is an alleged misrepresentation by which a contract was obtained. There are no difficult questions of law involved. The fact of the misrepresentation is the question in the case. The jury has determined this question of

fact adversely to plaintiff. The question is, does the evidence sustain the verdict.

1. Plaintiff had the burden of proof. There is evidence, both documentary and verbal, favorable to each side. The first contract, prepared June 19, 1906, recited a sale of the Iowa land for $75 an acre, the said premises "containing one hundred and sixty acres." Plaintiff's version of the oral negotiation is as follows:

"I said to Mr. Peters, I says: 'What is the reason with this line, it looks kind of crooked to me' * * * He says 'no, it does run a little northeast.' 'Well, according to that,' I says, 'it may be a shortage in the land then.' He says, 'No, it isn't;' he says, 'It is too full on the northeast corner, that will fill out the southeast corner to make it 160 acres.' I says to him, 'Did you have it measured,' and he said 'no.' I says, 'How do you know it is 160?' 'Well,' he says 'he farmed it for eight years and he ought to know by this time it is 160 acres.'"

Plaintiff further testified that while the contract was being drawn he again asked defendant, "Does this land contain 160 acres? He said 'yes,'" that the contract was then read over down to about where it said, "one hundred and sixty acres more or less according to government survey;" that plaintiff then said that the "more or less" wasn't right, that he wouldn't sign a contract unless it be 160 acres; that Mr. Flint, who was preparing the deed, then asked both of them what to do; that plaintiff said he wouldn't sign a contract unless that be stricken out, and that Mr. Peters said, "Well," he said "it would be all right to have it striken out then."

Of course the preliminary contract was merged in the deed. In the absence of fraud or mistake it was fully discharged and has no further vitality as a contract. The mere fact that the deed varies from the preliminary contract is not in itself proof of fraud in procuring the deed. Whitney v. Smith, 33 Minn. 124, 22 N. W. 181; Slocum v. Bracy, 55 Minn. 249, 56 N. W. 826, 43 Am. St. 499. See also Thwing v. Davison, 33 Minn. 186, 22 N. W. 293. What plaintiff contends is that this "contract * * * and the conversation had between the parties leading up to its execution were competent evidence for the purpose of showing the fraudulent representation

made by the defendant as to the quantity of land." This is undoubtedly true, but neither the contract nor the oral evidence nor both together were conclusive in plaintiff's behalf.

Defendant's version of the verbal negotiation contradicts that of plaintiff. The record of defendant's testimony is as follows: "Q. Did he ask you if the land was a full quarter? A. Yes. Q. And what did you say? A. I say no. * * * Q. Go on and state what he said. * * * A. I go to sell it or trade it off for Minnesota land; then I asked him what he take for his land here in Minnesota, he said, I take 31 and a quarter—no, he says, I promise you 400 acres here in Minnesota and take 31 and a quarter; then I say I can't promise you a full 160 acres, I go to trade it for $12,000, and you have to take it the way it is, and otherwise I won't trade." Defendant is corroborated by his wife and one other witness. It also appears that a second contract was later on prepared in which the words "more or less" were inserted after the number of acres.

Clearly this testimony raises an issue of fact. It is obvious that the determination of this issue of fact was for the jury. The case has been twice tried before a jury and a verdict returned for defendant on each trial. This court should not disturb this verdict. The evidence is ample to sustain it.

2. It is urged that the court erred in receiving evidence offered by defendant's counsel of defendant's testimony on a former trial. The contention is, that since defendant was present in court, his testimony given on the former trial could not properly be received. The occasion for offering this testimony was that plaintiff had read portions of defendant's former testimony in proof of his case. Under such circumstances it was clearly proper for defendant to offer such portion of his former testimony as might be necessary to supplement and explain the testimony offered by his adversary. We have carefully examined the testimony introduced by plaintiff, and we are convinced that it was all properly received for this purpose. There was no error in receiving it.

3. Error is assigned in that the court instructed the jury that, in order to entitle plaintiff to recover, it is necessary to find that defendant made false statements "and that the defendant knew that

they were false at the time he made them." It is true that this is not an accurate statement of the law. If defendant made a representation as of a fact within his knowledge, he is answerable therefor, whether he knew such representation to be false or not. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485. It appears to us, however, that this erroneous statement could not prejudice plaintiff. There was no issue on this point. Both defendant and his counsel had frankly conceded that defendant did know that his land was short of 160 acres, and it was recognized throughout the trial that if defendant made the representations attributed to him, he did know them to be false. This statement in the charge was made in connection with a summary of the elements of legal fraud. The court had elsewhere in the charge stated the law fully and correctly. We are of the opinion that the jury could not have been misled by this inadvertent statement, and that plaintiff could not have been prejudiced thereby.

Order affirmed.

PHILIP E. BROWN, J. having once tried the cause, did not sit.