## HENRY BECTHOLD v. MARY KING.[1]

### July 14, 1916.

### Nos. 19,881—(240).

**Payment under mutual mistake — recovery after return of missing brother.**
    1. The court, in substance, found that plaintiff bought from defendant, his sister, and from four other brothers and sisters what all understood to be the whole title to a farm descending to the children from their father; that in so purchasing plaintiff, defendant, and the other grantors in the deeds, assumed and believed that a brother Frank and a sister Lena, who had not been heard of for more than 15 years, were dead, and that the purchase price paid defendant was based on the assumption that it paid for one-sixth share of the children's part of the farm; that afterwards, when plaintiff had made valuable improvements on the farm, Frank appeared and demanded his share, which plaintiff was compelled to purchase; and the court concluded that what was paid defendant in excess of one-seventh of the whole purchase price, was paid under a mutual mistake of fact in assuming Frank to be dead, and should be

[1]Reported in 158 N. W. 910.

returned. It is *held* that the evidence justified the findings, and the conclusion from the findings is right.

**Same — recovery not to include share of missing sister.**

2. The recovery herein is not to be adjusted upon the possibility that Lena may be alive, for until damnified, plaintiff has no claim to a return of any part paid on the assumption that she was dead.

Action in the district court for Olmsted county to recover $214.30. The facts are stated in the opinion. The action was tried before Snow, J., and after his death was submitted upon the transcript of the evidence to Granger, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*John W. Murdoch* and *Brown, Abbott & Somsen,* for appellant.

*Earl Simpson* and *Webber & Lees,* for respondent.

Holt, J.

The facts giving rise to this action are these: At the time of his death in 1907, Cornelius Becthold was the owner of a 280-acre farm in Winona county, 80 acres of which was his homestead. The estate was probated, and a decree entered distributing the farm to the widow and eight children in accordance with our statute of descent. Thereafter negotiations were had between six of the children looking to the purchase of the whole farm by one of the six, this plaintiff. All of them at that time believed that the other two children, Frank and Lena, who had left the home many years prior to the father's death, and from whom they had not heard for more than 15 years, were dead. Advised so to do, the estates of these missing children were probated, the decrees vesting their shares of the farm in the other six. The farm was appraised for the purpose of the sale to plaintiff, and it was finally agreed that he should pay $1,500 to each of the other five children. This was done, and deeds executed by these five children, and subsequently by the mother, conveying the farm to plaintiff. Since the purchase plaintiff has expended about $3,500 in buildings and improvements. In October, 1912, Frank, one of the two missing children, returned and demanded his share, and plaintiff, in order to appease him and perfect his title, was compelled to pay him $1,500 and interest for a conveyance. Thereupon plaintiff requested the

five children, whom he had originally paid $1,500 each, under the belief that Frank and Lena were dead and that he and the five were their only heirs, that they each refund $214.30. Defendant, one of the five, refused. This action was brought to recover that amount and plaintiff prevailed. Defendant appeals from the judgment.

The action was one for money paid under a mutual mistake of facts. The trial was to the court, and upon this appeal the findings of fact are assailed as unsupported. The findings particularly challenged, and the ones controlling the conclusion of law are of this effect: That it was agreed in March, 1909, by and between the six children of Becthold who were then in Winona county, that the value of the farm, exclusive of their mother's interest, was $9,000; that, under the assumption and belief that each owned an undivided one-sixth thereof, it was agreed that plaintiff should buy from defendant her said share for $1,500, and also the share of each of the other four for a like sum; that conveyances were executed accordingly by defendant and the other four children to plaintiff upon payment of the agreed sum to each; that the deed from defendant was so executed and delivered under the assumption and belief on her part that she was the owner of an undivided one-sixth of said farm, exclusive of her mother's share, and it was accepted, and the consideration paid under a like assumption and belief; and that the same assumption and belief controlled each of the other four children in the execution and delivery of their several deeds and plaintiff in accepting and paying the consideration therefor.

It is enough to say that an examination of the record justifies these findings. It is true, none of the children remaining at home could be absolutely certain of the fate of the two who had been absent and unheard of for such a long time. No one of the six knew more of the probability of the two absent being alive than did the others. The strength of their belief in the missing ones being dead may have varied. But, no doubt, each one of the six, in the purchase and sale of this farm, assumed that each owned an undivided sixth, exclusive of the interest of their mother. We do not think the situation justified a finding that defendant intended to sell such interest only as might turn out to be hers, and that plaintiff in buying meant to take his chance of the long absent brother or sister being alive. He evidently paid full value for the farm

on the understanding that he, in consideration of such price, obtained the whole estate which, through Cornelius Becthold's death, vested in his children.

It is true enough that plaintiff bought with full knowledge of the possibility that the brother Frank and the sister Lena might not be dead. Therefore defendant claims that the bargain was made upon a known uncertainty and not upon a mutual mistake concerning the assumed existence of a fact, citing Eastman v. St. Anthony Falls Water Power Co. 24 Minn. 437; United States v. Barlow, 132 U. S. 271, 10 Sup. Ct. 77, 33 L. ed. 346; Cleveland-Cliffs Iron Co. v. East Itasca Mining Co. 146 Fed. 232, 76 C. C. A. 598. The contention is plausible, but not sound. The fact of death was assumed, and the deal was predicated thereon; the knowledge possessed by all parties that there was a possibility that the assumption might not be true did not enter into the transaction.

The claim is made that instead of there being a mutual mistake of fact it was one of law, in that the parties relied upon the legal effect of the probating of the estates of Frank and Lena and were mistaken therein. Therefore under the doctrine of such cases as Erkens v. Nicolin, 39 Minn. 461, 40 N. W. 567; Fidelity & Casualty Co. of New York v. Gillette-Herzog Mnfg. Co. 92 Minn. 274, 99 N. W. 1123, no relief is obtainable. But this cannot be, for they were informed by an attorney. before the deeds were delivered, that the decrees entered in those estates were not conclusive, and for that reason he suggested that the share of the two missing children be deducted from the agreed purchase price and placed in trust. But this was rejected, the five children there represented and plaintiff preferring to deal on the assumption that they were the only children of Cornelius Becthold interested in the farm.

There is no merit in the proposition that plaintiff should be relegated to an action for rescission. He had his choice of remedies as in cases involving fraud (Thwing v. Davison, 33 Minn. 186, 22 N. W. 293), but, having made extensive improvements since he acquired the farm the action brought is manifestly the only proper one. The right to recover overpayments made under a mutual mistake is settled law, especially when the case presents a basis upon which the amount of the overpayment may be determined. Stuart v. Sears, 119 Mass. 143; Devine v.

Edwards, 101 Ill. 138. In this case the court found, we think rightly, that the money was paid under a mutual mistake, and it is not necessary to consider the cases cited to the proposition that an action for money had and received lies, even where the mistake was solely on the part of the one who seeks the recovery.

It is also claimed that the court erred in adjusting the refundment upon the basis of there being seven children, inasmuch as it appeared that when in 1893 Lena was last heard from she was married and a mother. We think not. Until plaintiff has been damnified by the enforcement of her rights, he would not be entitled to a refund from defendant. From that source there may never be a claim. When it does arise equity will find no difficulty in adjusting the refund, taking into consideration the recovery in this action.

We consider the judgment right and it is affirmed.