## STATE v. EARL SCHOMAKER.[1]

### May 20, 1921.

### No. 22,272.

**Verdict sustained by evidence.**

    1. The evidence sustains the jury's finding that the defendant was guilty of rape.

**Impeachment of witness — testimony at preliminary examination admissible.**

    2. It was proper for the state to make use of portions of the testimony of the prosecutrix taken at the preliminary hearing to explain and supplement portions thereof as to which she was interrogated by way of impeachment upon cross-examination. It was not proper to introduce all of her testimony at the preliminary hearing, but in view of the nature of such testimony, and the issue presented, and the general conduct of the trial, there was no prejudice.

**State's argument disapproved.**

    3. The argument of the state in the brief and at bar, referring to matters unfavorable to the defendant, said to have occurred in connection with the case after verdict, and not proper for consideration on the matters presented by the appeal, is disapproved.

Defendant was indicted by the grand jury of Wabasha county charged with the crime of rape, tried in the district court for that county before

[1]Reported in 182 N. W. 957.

Callaghan, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Murdoch & Lothrop,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *John R. Foley,* County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of rape and appeals from the order denying his motion for a new trial.

1. On the evening of May 12, 1920, the defendant and the prosecutrix went on an auto drive. The prosecutrix claims that he took her out of the auto, on a main traveled road, that she struggled for an hour, and that he accomplished the crime. She was driven home about midnight. She claims that the next morning she complained to her mother. They went together to the doctor. The doctor found evidences of recent intercourse. There was some swelling and sensitiveness. No bruises were noticed. The mother does not corroborate the claim of a complaint made by her daughter. The defendant denies improper conduct of any kind.

The jury could easily find, as was the opinion of the doctor, that intercourse had recently taken place. Whether there was the essential lack of consent and accompanying resistance presents a question of greater doubt. The law upon this matter has been stated and need not be discussed here. State v. Iago, 66 Minn. 231, 68 N. W. 969; State v. Connelly, 57 Minn. 482, 59 N. W. 479. The defendant weighed some 170 or 180 pounds and was strong. The prosecutrix weighed about 110 pounds and there was evidence that she was not strong. She claims that she was frightened and overpowered and exhausted. The trial court gave careful consideration to the evidence on the motion for a new trial, and while noting the absence of marks of violence and of evidences of a struggle expressed his positive opinion that there was no consent to intercourse, and was content that the verdict stand. We appreciate, as did the trial court, the weakness, in some respects, of the evidence, but we find no sufficient reason to disturb the verdict of the

jury which has the approval of the trial court after mature considera-tion on the motion for a new trial.

2. There was a preliminary hearing before a justice of the peace. The substance of the testimony of the prosecutrix was taken and aft-erwards put in typewriting and signed by her. Counsel for the defen-dant called her attention to discrepancies between her testimony at the trial and the typewritten transcript and cross-examined her upon it. The cross-examination was of some length, but not at all unduly extend-ed. The state then offered in evidence the statement which takes up five pages of the paper book. It was received over objection and error is now predicated upon its reception.

The state was entitled to refer to the portions of the transcript ex-plaining or supplementing the testimony of the prosecutrix to which at-tention was directed on cross. Bunkers v. Peters, 122 Minn. 130, 141 N. W. 1118. We think the whole of the transcript should not have been received. But we cannot think that prejudice resulted. The dis-crepancies in the testimony of the prosecutrix were not many, and were clearly brought out upon cross-examination by counsel for the defendant. Some portions of her testimony were proper to be received to explain or supplement her cross. The other portions were in repetition rather than addition to her testimony at the trial. While it was objectionable that the jury have this transcript with it in its deliberations, we cannot think that prejudice resulted. The testimony of the prosecutrix on the material points was brief and direct and was explicitly denied by the de-fendant. There is little likelihood of a confusion of the issue by the reception in evidence of the transcript. The appellant's case was well presented by his counsel and he was dealt with fairly by the court.

3. In the brief of the state the statement is made that one ground of the defendant's original motion for a new trial, not finally pre-sented nor here for review, was newly discovered evidence; that two witnesses made affidavits tending to show that the prosecutrix had been intimate with others; that these affidavits were subsequently found to be untrue; and that these witnesses had been punished for their false oaths. The situation stated was emphasized and enlarged on the oral argument.

The questions before us on this appeal are those discussed in para-

graphs 1 and 2. The statements made in the brief and argument could not rightly affect the trial court in reviewing the sufficiency of the evidence, nor can they aid us in impartially reviewing the decision of the trial court. Unless they were thought likely to affect our review, unfavorably to the defendant, the state could have omitted them safely. If they were thought likely thus to affect our review the state should have omitted them. Their use is disapproved.

Order affirmed.