## E. GEIST v. CHARLES SCHULTZ.[1]

April 4, 1930.

No. 27,729.

*F. C. & H. A. Irwin,* for appellant.
*W. H. Leeman,* for respondent.

HOLT, J.

Defendant had a verdict, and plaintiff appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

The short facts on which recovery was based are as follows: Plaintiff is in the business of shipping and selling on commission hogs and stock for farmers tributary to Belle Plaine, Minnesota. As his counsel states:

[1]Reported in 230 N. W. 259.

"He would solicit farmers that their hogs be delivered to him and he would sell the same, usually at South St. Paul, and after deducting the sum of fifty cents per hundred weight shipped, which included commissions, freight, and other expenses, pay the balance over to the owner."

Plaintiff passing defendant's farm near Belle Plaine on November 2, 1926, noticed some large and medium hogs in the latter's hog pens or yards and solicited their marketing. It was granted, and during the afternoon of the next day plaintiff's trucks called for and took away 4 large and 19 smaller hogs, the latter running from 100 to 150 pounds. Of the latter plaintiff sold 13 of the smallest to men who were in the business of fattening hogs near Belle Plaine. The rest of the hogs were marketed at South St. Paul. On November 5 plaintiff mailed to defendant a statement of account for the hogs sold, showing his commission of 40 cents a hundred deducted and enclosing his check for the balance in the sum of $399.43. Within two or three days defendant cashed the check. About the same time the purchasers of the 13 hogs complained to plaintiff about the hogs' dying of what was thought to be cholera. What thereafter happened is in dispute and perhaps has no bearing on the decision. This action was brought for money had and received, plaintiff having remitted to defendant for the 13 hogs sold to the feeders near Belle Plaine and such feeders having refused to pay on the ground that the hogs had cholera from which all but two died.

Plaintiff claims that as a matter of law he was entitled to a verdict. In support he cites the cases of Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337; Parks v. Fogleman, 97 Minn. 157, 105 N. W. 560, 4 L.R.A.(N.S.) 363, 114 A. S. R. 703; Becthold v. King, 134 Minn. 105, 158 N. W. 910; Reddingius Co. v. Enkema, 156 Minn. 283, 194 N. W. 646, and authorities therein referred to. We need however only call attention to certain facts to show that plaintiff was not entitled to a verdict as a matter of law. It does not appear that plaintiff had authority to sell to feeders nor on credit. The feeders had many other hogs of similar color to the 13 which

came from defendant's farm. Defendant had other large and small hogs on his farm, none of which died from cholera or any other disease. So it was a jury question whether the hogs which the feeders refused to pay for because cholera-infected were the 13 hogs which plaintiff got from defendant's pen. Therefore, even though the case was not submitted on this theory by the court, we think plaintiff was not entitled to a directed verdict.

The case was submitted under this instruction upon which error is assigned:

"Under the facts in this case, members of the jury, if you find that Mr. Schultz did know or by the exercise of reasonable care should have known that these hogs were in fact tainted with this disease at the time of delivering them to Mr. Geist and that Mr. Geist did not know or have any reason to believe that they were tainted with disease at the time they were delivered to him and when he sent the check to Mr. Schultz, then your verdict should be for the plaintiff, otherwise for the defendant."

This instruction conforms to the issue tendered by the complaint with respect to defendant's knowledge of the hogs' being diseased. The complaint alleged that the 13 hogs in question "were, when delivered to this plaintiff for sale, infected with and sick from a certain contagious, fatal disease commonly known and called 'hog cholera' * * *. That the fact of the infection of these said 13 hogs with such virulent, contagious, fatal disease was known to this defendant at the time he so delivered them to this plaintiff for sale and at the time he so accepted payment" of money for them.

Plaintiff also adduced evidence to prove these allegations, charging defendant with knowledge of the hogs' being infected when delivered for sale. In the face of the issue so raised by plaintiff we cannot see how he is in a position to assign error on that part of the charge above quoted.

The order is affirmed.