Richard J. FRETSCHEL and Patricia
M. Fretschel, Respondents,

v.

John A. BURBANK and Patricia A.
Burbank, Appellants.

No. C9–83–1842.

Court of Appeals of Minnesota.

July 17, 1984.

Pierre N. Regnier, Jardine, Logan & O'Brien, St. Paul, for respondents.

Dennis L. Briquet, W. St. Paul, for appellants.

Heard, considered and decided by PARKER, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

Respondents brought suit against appellants, alleging that two fireplaces in the home that respondents purchased from appellants were defective and dangerous. Following a court trial, judgment was ordered and entered in favor of respondents for $2,500 together with costs and disbursements.

Appellants contend that the trial court committed legal error in determining that the doctrine of implied warranty applies to sales of used real property and in finding that appellants' alleged representations about the condition of the two fireplaces were actionable as fraud. We affirm the trial court's decision on the grounds of fraud. We vacate that part of the Findings of Fact, Conclusions of Law and Order for Judgment that imposes liability on appellants based on implied warranty.

## ISSUES

1. Does the doctrine of implied warranty apply to sales of used realty?

2. Were appellants' representations about the condition of the two fireplaces actionable as fraud?

## FACTS

Appellants submitted a statement in lieu of a transcript of the proceedings pursuant to Rule 110.04, Minn.R.Civ.App.P. The parties have agreed upon the following facts essential to a decision of the issues presented. There is no claim on appeal that the findings of fact are not supported by the evidence.

1. That plaintiffs-respondents and defendants-appellants entered into a contract whereby the defendants-appellants agreed to sell and the plaintiffs-respondents agreed to purchase a certain parcel of real property.

2. That the defendants-appellants, through their affirmation and silence, made material representations as to the condition of the fireplaces and chimneys when, in fact, they knew of defective conditions, plaintiffs-respondents relying upon said representations to their detriment and damage.

3. That defendants-appellants impliedly warranted the premises were in fit and proper condition as of the date of closing when, in fact, defects existed, damaging plaintiffs-respondents.

## DISCUSSION

### I

Appellants contend that the trial court erred in determining that the doctrine of implied warranty applies to sales of used realty. We agree with appellants that there are no implied warranties other than as specified in the statutes.

█ Under statutory law, no provision is made for the imposition of liability under this doctrine for sales of anything other than goods or services. Second, Minnesota imposes statutory liability *only* on builder-vendors. Minn.Stat. § 327A.02 (1982). Furthermore, there is no Minnesota precedent for the imposition of liability under the doctrine of implied warranty upon a non-builder. Therefore, we vacate that part of the order imposing liability on the basis of implied warranty.

### II

█ A charge of fraud can be based only on a material representation. *Rien v. Cooper*, 211 Minn. 517, 523, 1 N.W.2d 847, 851 (1942). Appellants contend that their alleged representations about the condition of the two fireplaces were not material to the formation of the purchase agreement and, therefore, the trial court erred in finding these representations actionable as fraud.

The thrust of appellants' argument appears to be that the only representations which form the basis of the fraud claim were those representations contained in the purchase agreement. Among other provisions, the purchase agreement provided, "SELLER(S) WARRANTS ALL HEATING, AIR–CONDITIONING, WIRING AND PLUMBING USED AND LOCATED ON SAID PREMISES ARE IN PROPER WORKING ORDER AT DATE OF CLOSING."

Appellants argue that since the trial court made no specific finding that appellants were in breach of the purchase agreement as alleged by respondents and made no finding that the fireplaces were identified as part of the heating system, respondents were not prejudiced, received what they bargained for and there was no fraud.

Respondents agree that there were representations made in the purchase agreement; however, they contend that the claims of fraud and misrepresentation were based upon separate representations made affirmatively and by silence.

█ The Minnesota Supreme Court has held that parties are not limited to the written contractual documents where it can be shown that the vendees have been led

by fraud or mistake of fact to accept something different from what the contracts called for. *See Griswold v. Eastman*, 51 Minn. 189, 53 N.W. 542 (1892).

 Here, the trial court found on the stipulation of the parties that there was a positive declaration or assertion relative to the condition of these fireplaces which was, in fact, false, and known to appellants to be false. Appellants have agreed that they are not attacking the sufficiency of the evidence to support such a finding.

## DECISION

The doctrine of implied warranty is not applicable to sales of used realty under Minnesota law. However, the trial court's finding of fraud is consistent with the facts of the case and consistent with the law. Minnesota recognizes fraud as a viable theory of liability by a seller to a purchaser of property in Minnesota. Appellants have agreed that the trial court's findings are supported by the evidence. Therefore, the judgment of the trial court is affirmed.

Affirmed.