## FRANK SESSA *vs.* THOMAS ARTHUR.

Suffolk. November 24, 1902. — April 2, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Contract,* Performance and breach. *Waiver.*

If one, entitled under an agreement to a warranty deed of certain premises free from incumbrances, takes a deed of the premises which declares them to be subject to the incumbrance of a certain passageway, the grantee knowing of the incumbrance, and if he makes no objection until about two months after receiving his deed, these facts do not as matter of law constitute a waiver of his right to damages for a breach of the agreement, or prevent a finding in his favor for such damages.

AGREED FACTS submitted to the Superior Court. That court gave judgment for the plaintiff in the sum of $1,500, in accordance with a finding of a referee assessing damages at that amount. The defendant appealed.

By the agreed facts it appeared that the defendant, in accordance with a memorandum in writing, dated June 14, 1900, agreed to sell to the plaintiff three houses on Maverick Square in East Boston for $20,000, and " to give a good warranty deed free from all incumbrances," subject to a mortgage of $12,000. On June 29, 1900, the plaintiff paid the balance of the purchase money in accordance with his agreement and received from the defendant and his wife a deed, which stated the premises to be subject, besides the mortgage, to a certain passageway as defined in a deed referred to.

The premises consisted of three brick houses in a block of four houses facing upon Maverick Square. The passageway mentioned in the deed was built into that portion of the block conveyed to the plaintiff, and anybody looking at the buildings from Maverick Square could have seen the entrance to this passageway. No one could reach the rear of the premises except through the passageway, and it was in constant use by the occupants of the four houses. If material, it also was agreed that no objection was made until about two months after the deed had been delivered, when the plaintiff had plans completed for the erection of a building covering the entire premises. At that time the subway commissioners built a permanent roof about twelve feet above the level of the street in front of the premises.

The plaintiff contended that these facts constituted a breach of the agreement. The defendant contended that the acceptance of the deed precluded the plaintiff's right to recover.

*J. M. Gove & H. D. Gove*, for the defendant.

*J. R. Murphy*, for the plaintiff.

HAMMOND, J. The defendant insists that the plaintiff, by taking the deed conveying to him less than what the contract called for, and entering into the possession of the estate without making at the time any objection, waived as matter of law the right to insist upon further performance, and therefore cannot recover. Upon the statement of agreed facts, however, the trial court did not find a waiver, and that finding must stand unless the facts agreed show affirmatively as matter of law the existence of such a waiver.

We think that a waiver is not conclusively shown as matter

of law.   It is to be noted that the waiver set up is not of a condition precedent, or of the time, or place of the performance of a contract.   If it can be called a waiver at all, it is a waiver of the right to require the conveyance of all the estate which the defendant had agreed to convey.   It is true that the plaintiff took the deed with the knowledge that it did not convey all he was entitled to receive, but whether he took it as a full and satisfactory performance of the contract, or as only a partial performance reserving the right to insist upon damages as to the part not performed, was a question of intention; and the burden of showing the waiver was upon the defendant.   While there was evidence of a waiver, we cannot say that the court erred in the conclusion to which it came on the question.   It was all a question of fact upon the evidence.   *Taylor* v. *Cole*, 111 Mass. 363.

*Judgment affirmed.*