MANUEL ANDRADE *vs.* DANIEL T. HANLEY & another.

Bristol. January 9, 1935. — January 29, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* What constitutes, In writing.

The owner and a prospective purchaser of certain real estate executed two purported contracts of sale which were alike except that the one delivered to the owner, after the words "Taxes to be adjusted as follows," contained a provision that the owner "agrees and assumes to pay the taxes for 1930 — from April to Aug. 1930," while that delivered to the purchaser had no such provision. At the hearing of an action by the owner for damages due to a refusal by the purchaser to perform, both instruments were in evidence and there was no evidence explaining the difference between them. *Held,* that
  (1) The plaintiff failed to prove a contract binding on the defendant;
  (2) The action could not be maintained.

CONTRACT. Writ in the Second District Court of Bristol dated September 24, 1930.

The action was heard in the District Court by *Silvia,* J. Material evidence is described in the opinion. The judge found for the plaintiff in the sum of $650 and reported the action to the Appellate Division for the Southern District. Judgment for the defendants was ordered entered. The plaintiff appealed.

The case was submitted on briefs.

*H. W. Radovsky,* for the plaintiff.

*A. S. Phillips & J. A. Cohen,* for the defendants.

FIELD, J.  This is an action of contract brought in the District Court to recover damages for the failure of the defendants to accept a deed of real estate in performance of an alleged written contract between the defendants and the plaintiff for the purchase and sale of said real estate.  There was a finding for the plaintiff.  Four requests for rulings made by the defendants were denied.  The first request was as follows: "Where written papers dated August 14, 1930, providing for the purchase of real estate were signed in duplicate by all the parties and were delivered by the vendor, who retained one copy and delivered the other copy to the proposed vendee — ,  If the vendor's copy states in effect that he will pay the taxes only till August, 1930, while the vendee's copy makes no mention of taxes, there is a variance in the papers and there is no meeting of minds sufficient to predicate an action by the vendor on his copy."  On a report to the Appellate Division the Appellate Division ruled "that there was prejudicial error in the refusal of trial court to grant the defendants' first request for ruling," and ordered the entry of judgment for the defendants.  The plaintiff appealed.

The Appellate Division was right in ruling that the refusal of the defendants' first request was prejudicial error.  This request contained an accurate narration of evidence in the case.  The parties to the action "executed two instruments" which were introduced in evidence.  Each of them purports to be a memorandum of a sale of real estate from the plaintiff to the defendants.  They differ only in that following the words "Taxes to be adjusted as follows," which appear in both instruments, the instrument delivered to the plaintiff, unlike the instrument delivered to the defendants, contains the words "Manuel Andrade agrees and assumes to pay the taxes for 1930 — from April to Aug. 1930."  The report, which "contains all the evidence material to the questions reported," contains no extrinsic evidence tending to explain the inconsistency.  See *Payson* v. *Lamson,* 134 Mass. 593,

594–595. The difference between the two instruments is substantial. In the absence, as here, of explanation by extrinsic evidence of the difference between them, the plaintiff's proof of a contract binding upon the defendants fails. *Vickery* v. *Ritchie*, 202 Mass. 247, 249. Consequently the action could not be maintained by proof by the plaintiff that he was present at the time and place fixed for delivery of the deed and ready to deliver a deed conforming to the instrument delivered to him.

Since a ruling in accordance with the defendants' first request would have disposed of the case in their favor, it is unnecessary to consider whether there was error in the denial of their other requests for rulings. And the Appellate Division rightly ordered the entry of judgment for the defendants. G. L. (Ter. Ed.) c. 231, §§ 110, 124.

*Order of Appellate Division affirmed.*