### SARAH SCHRANK *vs.* COUNTY SAVINGS BANK.

Suffolk. May 10, 1937. — June 29, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Requests, rulings and instructions, Interrogatories. *Evidence,* Interrogatories, Presumptions and burden of proof. *Contract,* Performance and breach, Waiver, Construction, For sale of real estate.

Uncontradicted answers to interrogatories bind the interrogating party introducing them in evidence.

A request for a ruling must be taken to have been denied by a district court judge on the ground that it stated an erroneous proposition of law rather than that its factual basis was not true, where the judge made no findings of fact and his report, stated to include all evidence material to questions reported, contained no evidence which would warrant a finding that the facts assumed in the request were not true.

Under a contract for the sale of a house, one term being that the seller would pay the buyer a certain sum for specified repairs, including painting, to be made by the buyer, an assignee of the contract from the buyer could not recover against the seller without proof that the painting had been done.

A provision in a contract of sale of real estate, that "acceptance of a deed and possession by . . . [the buyer] shall be deemed to be a full performance and discharge hereof," was not applicable to an obligation of the buyer which was to be performed after delivery of the deed, and delivery was not a waiver by the seller of that obligation.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 30, 1935.

The action was heard by *Burke*, J., who found for the plaintiff in the sum of $200. Upon report to the Appellate Division, judgment was ordered entered for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*B. H. Chertok*, for the plaintiff.

*R. J. Cook*, for the defendant.

CROSBY, J. The plaintiff, as assignee of a certain contract in writing, brings this action in which it is alleged that on March 24, 1934, the defendant and one Samuel Rosenbaum entered into an agreement whereby the defendant was to sell certain premises in the city of Chelsea to Rosenbaum, "and also agreed to make repairs to the extent of" $650. The declaration further alleges that the repairs had been made, but that the defendant refused to pay the full amount of $650 for them, and that $200 is still due. The answer denied that the defendant agreed to make the repairs, and alleged that under the agreement Rosenbaum "was to make the said repairs to an amount not exceeding $650 and the defendant was to reimburse" him. The answer also denied that all the repairs agreed upon had been made, and stated that for such repairs as were made Rosenbaum has been paid by the defendant.

There was evidence in the report of the following facts: By an agreement between the defendant and Rosenbaum, the defendant was to convey certain premises to Rosenbaum, who was to make certain repairs. Such repairs included "Paint outside of building before September 1, 1934." The agreement also provided: "The bank agrees to make repairs to the extent of Six Hundred Fifty ($650.) before conveyance is made." The agreement was dated

March 24, 1934, and conveyance was to be made on or before May 1, 1934, but an extension was granted until May 15, 1934. Rosenbaum assigned his interest in the agreement to one Morris Schrank as security for money advanced by Schrank to make the repairs. Schrank assigned his interest in the agreement to the plaintiff. Certain repairs were made upon the building which were paid for by Morris Schrank. There was evidence that certain other repairs and improvements, including the painting provided for in the agreement, had not been made. The plaintiff was an assignee for value. The answers to the plaintiff's interrogatories showed that the defendant had paid $450 on account of repairs in accordance with the agreement of sale; and that the defendant refused to make any further payment on the ground that the outside of the building had not been painted. The property was conveyed pursuant to the agreement, and the defendant became mortgagee. The defendant is receiving some interest on the mortgage note, but not all that is due, and no payments on the principal have been made.

At the close of the evidence the defendant made certain requests for rulings, including the following: "6. If the outside of the building was not painted, the plaintiff cannot recover." This request was denied. The trial judge found for the plaintiff in the sum of $200. It is recited in the report that it contains all the evidence material to the questions reported. The defendant claiming to be aggrieved by the rulings and refusals to rule as requested, the trial judge reported the case to the Appellate Division, which reversed the finding for the plaintiff and ordered judgment for the defendant. From this order the plaintiff appealed.

If on the record it was impossible to determine whether the sixth request was denied as matter of law or because immaterial to the facts found, there would be manifest error which would require a reversal and the ordering of a new trial. *Bresnick* v. *Heath,* 292 Mass. 293, 298. But on this report there is nothing to show that the request was denied as immaterial to facts found, for there are no findings of fact to support such a conclusion. Rule 28 of the Municipal Court of the City of Boston (1932), as amended, re-

quires that "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed." The only evidence in the record is to the effect that the house was not painted. A part of this evidence was oral, and part of it is contained in the defendant's answers to interrogatories. These answers to interrogatories must have been put in evidence under G. L. (Ter. Ed.) c. 231, § 89, and, uncontradicted by other evidence, would be binding on the plaintiff. *Bell Cab Co.* v. *New York, New Haven & Hartford Railroad*, 293 Mass. 334, 336. *Vozella* v. *Boston & Maine Railroad*, 296 Mass. 491, 493. The report, which recites that it contains "all the evidence material to the questions reported" contains no evidence that the house was painted. In the absence of such evidence, it is to be inferred that the sixth request was denied by the trial judge as an erroneous proposition of law. *Andrade* v. *Hanley*, 289 Mass. 335, 336. The denial of this request was error. A failure to paint the house in accordance with the requirement of the agreement would be fatal to the plaintiff's right of recovery. *Pye* v. *Perry*, 217 Mass. 68, 69.

The delivery of the deed by the defendant did not constitute as matter of law a waiver of any obligation of Rosenbaum. *Sessa* v. *Arthur*, 183 Mass. 230. The agreement expressly stated that the painting was to be done "before September 1, 1934," and the conveyance was to be made on May 15, 1934. It is manifest that the agreement contemplated a possible delivery of the deed before the house might be painted. The provision in the agreement that the "acceptance of a deed and possession by the party of the second part [Rosenbaum] shall be deemed to be a full performance and discharge hereof" is not contrary to this conclusion. That provision, in order to render all provisions of the agreement in harmony, may be read to refer only to performance by the vendor, or to those obligations which

are to be performed by either party before conveyance. *Kennon* v. *Shepard,* 236 Mass. 57, 59. In view of evidence that, with respect to the provision for painting the house, the words "before September 1, 1934" were added in writing before execution of the entire agreement, any other meaning to be attached to the provision as to acceptance of a deed and possession would be impossible. *Taber* v. *Beaudette & Graham Co.* 262 Mass. 99, 103.

As the record is fairly susceptible of the conclusion that the sixth request of the defendant was erroneously denied as matter of law, and as a correct disposition of this request would have disposed of the case in favor of the defendant, it is unnecessary to consider whether there was any error in the denial of other requests for rulings. The Appellate Division rightly ordered the entry of judgment for the defendant. *Andrade* v. *Hanley,* 289 Mass. 335, 337. G. L. (Ter. Ed.) c. 231, §§ 110, 124.

The entry must be

*Order of Appellate Division affirmed.*