RAYMOND F. PYBUS *vs.* SALVATORE GRASSO.

Essex.   December 8, 1944. — February 9, 1945.

Present: FIELD, C.J., QUA, RONAN, & SPALDING, JJ.

*Contract,* Sale of real estate, Performance and breach. *Deed,* Acceptance. *Deceit. Fraud.*

The contractual duties of the seller under a contract for the sale of "the land with buildings thereon situated at" a specified number on a certain street were discharged by his delivery of a deed of a designated lot on a plan and the purchaser's acceptance of the deed, although it was later discovered that a part of the building at the address stated in the contract was on the lot adjoining that designated in the deed.

The mere making of a contract for the sale of designated land does not warrant the inference that thereby the seller represents to the purchaser that he has title to such land, nor support a claim by the purchaser of fraud or deceit on the part of the seller if the seller in fact does not have title thereto.

BILL IN EQUITY, filed in the Superior Court on January 3, 1944.

The defendant appealed from a final decree entered by order of Cabot, J.

*E. F. Cregg,* for the defendant.

*W. F. Sullivan, Jr.,* for the plaintiff.

QUA, J.   On July 28, 1943, the parties entered into a contract under seal by which the defendant agreed to sell and the plaintiff to buy "the land with buildings thereon situated at 15 Ashford St., Methuen, Mass." This must be construed as including all the land under the building or buildings and at least as much more as was necessary to their beneficial enjoyment and within the power of the defendant to convey. *Scanlan* v. *Geddes,* 112 Mass. 15,

17. *Schon* v. *Odd Fellows Building Association*, 255 Mass. 465, 468.   *Labelle* v. *Lafleche*, 289 Mass. 140, 144.   The contract provided that the price of $6,600 should be paid in consideration "of conveyance of said property by good and sufficient deed," the property to be "free and clear of all encumbrances."   The contract was carried out on August 18 by the payment of the price and the delivery by the defendant to the plaintiff of a quitclaim deed of "lot numbered 37" on a certain plan.   A survey in the following November indicated that a part of the building at 15 Ashford Street was on the adjoining lot 39, owned by one Maloney and not by the defendant.

The plaintiff in his bill alleged that the defendant fraudulently concealed the defect in his title to "15 Ashford Street" in order to deceive the plaintiff, and prayed for specific performance of the agreement or in the alternative for damages.   Both of these prayers imply affirmance of the transaction, so that there is no question of rescission. Cases of rescission for mutual mistake, like *Spurr* v. *Benedict*, 99 Mass. 463, have no application here.   See *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388.   The judge entered a decree in favor of the plaintiff for damages.

We are of opinion that the plaintiff has no remedy based upon any breach of contract by the defendant.   "The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed . . . [with a further exception not applicable to this case for reasons hereinafter explained]."   Am. Law Inst. Restatement:   Contracts, § 413.   This rule is generally held to apply even though the contract was in writing and contained express provisions as to the title to be conveyed.   Williston on Contracts (Rev. ed.) § 926, at pages 2603–2604, §§ 723, 1566.   Am. Law Inst. Restatement: Restitution, § 24, comment e.   See a multitude of cases collected in 84 Am. L. R. 1008, and in 26 C. J. S. at page 340.   And the rule has been applied in a number of cases where the defect in the conveyance consists in a failure to convey all the

land contracted for as well as in cases where the defect is in the title to the land actually conveyed. *Horner* v. *Lowe*, 159 Ind. 406. *Marshall* v. *Haney*, 9 Gill, 251, 259, *S. C.* 4 Md. 498, 507. *Griswold* v. *Eastman*, 51 Minn. 189. *Yawkey* v. *Lowndes*, 150 S. C. 493, 519. *Miller* v. *Kemp*, 157 Va. 178, 196. See *Williams* v. *Hathaway*, 19 Pick. 387; *Clifton* v. *Jackson Iron Co.* 74 Mich. 183; *Barger* v. *Healy*, 276 Mo. 145; *Atlantic-Brigantine Hotel & Pier Co.* v. *Island Development Co.* 104 N. J. Eq. 262.

We do not regard the case of *Sessa* v. *Arthur*, 183 Mass. 230, as finally establishing the law of this Commonwealth in opposition to the general current of authority elsewhere. In that case the court treated the issue as merely one of waiver and as an issue of fact, as generally speaking it would be at common law in the case of acceptance of personal property sold. The only case cited, *Taylor* v. *Cole*, 111 Mass. 363, related to a sale of personal property. The prevailing rule as to the binding effect of the acceptance of a deed as an integration of all that has gone before was not mentioned. Although that rule had been involved at least collaterally in the prolonged·discussion contained in the earlier case of *Earle* v. *De Witt*, 6 Allen, 520, that case was not cited. The *Sessa* case itself has been cited only once in any case where a deed of land had been accepted. *Schrank* v. *County Savings Bank*, 298 Mass. 30. The *Schrank* case is not in conflict with the general rule as above stated, since in that case there was no question of title and the contractual duty involved was a duty of the buyer and not of the seller. In *Williams* v. *Hathaway*, 19 Pick. 387, 388, the court said, " . . . by the rules of law, when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties." We think this was more than merely a statement of the parol evidence rule. This passage was quoted in *New York, New Haven & Hartford Railroad* v. *Plimpton*, 238 Mass. 337, at page 340, decided since the *Sessa* case, and was there treated as applicable where there was a written contract. The

*Sessa* case was not cited.   See also *Attorney General* v. *Whitney,* 137 Mass. 450, at page 457.

To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and be enforced after the deed is given.   The exception is defined in Am. Law Inst. Restatement: Contracts, §§ 413, 240 (1).   Illustrative cases of this kind are *Carr* v. *Dooley,* 119 Mass. 294, *McCormick* v. *Cheevers,* 124 Mass. 262, *Graffam* v. *Pierce,* 143 Mass. 386, and *H. D. Foss & Co. Inc.* v. *Whidden,* 254 Mass. 146, 151.   See *Durkin* v. *Cobleigh,* 156 Mass. 108.   Many such cases are collected in 84 Am. L. R. 1017.   An analogous case is *Shute* v. *Taylor,* 5 Met. 61, where the court held upon agreed facts that both parties understood that the delivery of the deed should not operate as full satisfaction of the contract if the land conveyed should turn out to be of a smaller area than the contract required.   The case at bar is not within the exception, since to hold the defendant for the missing land would be inconsistent with the deed, which described only lot 37.   Moreover, the deed was accepted by the plaintiff at a time when both parties believed that it covered all the land included in the contract, and when therefore it must have been accepted in full satisfaction of the promise to convey.

But the judge did not award damages to the plaintiff on any theory of contractual liability.   He says, "I find and rule that by agreeing to sell the land and buildings No. 15 Ashford Street the defendant represented to the plaintiff that he had title to the whole of the land on which the house rested."   Apparently the decree was based upon the theory that the defendant was liable for fraud or deceit in some form.   There was no intentional false representation that the defendant had title to the whole of the land, since the judge found that both at the time of the making of the contract and at the time of the delivery of the deed the defendant believed that the house rested entirely on

lot 37, which in fact he did own. We interpret the judge's statement as a finding of fact that the very contract to sell was in itself a representation that the seller had title, and as a ruling that such a conclusion was permissible in law. *Roney's Case,* 316 Mass. 732.

By agreeing to sell one does not necessarily represent himself to be the present owner. See Am. Law Inst. Restatement: Restitution, § 28, comment b. Nor do we see how an inference of fact of such representation can be drawn from the mere agreement. Agreements to sell by persons who are not owners but who reasonably expect to acquire or to control the title in time to perform the contract are common and legitimate business transactions. Going a step further, we are not convinced that any false representation of past or existing fact such as is necessary to maintain a claim for deceit can be spelled out of the purely promissory words of the contract. If any representations of fact whatever can be found in the defendant's promise they would seem at most to be (1) an implied representation that he then had no intention not to keep his promise (Am. Law Inst. Restatement: Torts, § 530, comments b and c; *McCusker* v. *Geiger,* 195 Mass. 46, 54; *Commonwealth* v. *Althause,* 207 Mass. 32, 47–49; *Comstock* v. *Livingston,* 210 Mass. 581, 583–584; *Ciarlo* v. *Ciarlo,* 244 Mass. 453, 455–456; *Feldman* v. *Witmark,* 254 Mass. 480; *Levey* v. *Higginson,* 266 Mass. 381, 385; but see *Dawe* v. *Morris,* 149 Mass. 188; *Donovan* v. *Clifford,* 225 Mass. 435) and (2) an implied representation that he knew of nothing "which . . . [would] make the fulfillment of his . . . promise impossible or improbable" (Am. Law Inst. Restatement: Torts, § 525, comment e). If an implied representation of either of these kinds can be deemed to have been made, the only possible conclusion from the record is that such representation was true. The plaintiff relies upon a class of cases illustrated by *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403, where it has been held that a party may be liable for stating that he actually knows a thing to be true when in fact he does not have real knowledge, although he may think it to be true. *Harris*

v. *Delco Products, Inc.* 305 Mass. 362, 364.  Am. Law Inst. Restatement: Torts, § 526, comment e.   The answer to this contention is that, as already explained, the defendant's promise to convey did not carry with it any representation, whether or not as of his own knowledge, that he then had a good title.

Upon the whole case the facts agreed and found show that the plaintiff cannot prevail upon any theory within the scope of his bill.

The decree is reversed, and a decree is to be entered dismissing the bill with costs.

*So ordered.*