*Northern District*

No. 4581

**JOHN E. CARDING**

**v.**

**KENNETH E. STATA**

(September 8, 1952)

GADSBY, P. J. This is an action of contract in which the plaintiff seeks to have the defendant pay for alleged betterment charge levied on the plaintiff by the City of Newton on September 21, 1951 in the amount of $330 for the privilege of being connected with the sewer system of the City of Boston. The plaintiff has declared in two counts. In Count I the plaintiff brings an action under the terms of a written purchase and sale agreement. In Count II the plaintiff alleges breach of covenants of the quitclaim deed.

The evidence in substance was as follows:

A purchase and sale agreement was entered into on May 26, 1950 for the purchase of a certain parcel of real estate from the defendant by the plaintiff. This agreement provided in part that "betterment assessments"

[25]

should be paid by the seller and should there be any defects in the title thirty days would be allowed to cure such defect. The agreement provided for a thirty day period within which the agreement would be in effect. It appeared that no written extension of the agreement had been made. On July 11, 1950 the defendant caused to be installed under private land a sewer which was connected with an already existing sewer as an extension thereto and with the permission of the City of Newton. A house connection was then made to the plaintiff's house from the sewer extension. All costs for laying the sewer and for connecting it were borne by the defendant. Passage of the title to the property took place on July 21, 1950 by delivery of a quitclaim deed to the plaintiff.

The plaintiff's contention in substance is as follows:

1. Under the terms of the purchase and sale agreement the defendant was liable for such charge rendered by the City to the plaintiff.

2. Under the covenants of the quitclaim deed the defendant was liable for said charge because he had placed encumbrances on the property contrary to the provisions of the quitclaim deed, so that under G. L. (Ter. Ed.) C. 184, § 22 the defendant was liable to the plaintiff.

The defendant duly filed the following requests for ruling of law:

(1) The purchase and sale agreement dated May 26, 1950 became a nullity on June 27, 1950 since thirty days had then expired and title to the property was not passed until July 21, 1950.

(2) The quitclaim deed given by the defendant to the plaintiff superseded any terms of any purchase and sale agreement and the terms of the deed were the only binding terms between the parties.

(3) A betterment assessment takes effect when it is recorded in the county where the property is located.

(4) No betterment assessment having been recorded referring to the plaintiff's property none existed or exists.

(5) The bill rendered the plaintiff by the City of Newton is a usage charge for the privilege of using the

City's sewer system and is not a betterment assessment which is a charge made for a public improvement.

The Court denied the defendant's requests for rulings numbered 1 and 2, allowed requests numbered 3, 4 and 5, and found for the plaintiff, for $330.00.

The court having granted requests 4 and 5 ruled that this charge was not a betterment assessment. The agreement for sale and purchase in substance provided that the defendant should be liable for betterment assessments. The court found that this charge was not a betterment assessment, therefore there could be no liability on that basis.

Even if we assume in favor of the plaintiff that this agreement covered the present situation yet the acceptance of a quitclaim deed between the parties precluded a purchaser from maintaining any action for breach of any provisions of a purchase and sale agreement. See: *Pybus v. Crasso,* 317 Mass. 716 and *Fanger v. Leeder,* 1951 A. S. 739.

The court erred in the denial of requests nos. 1 and 2. We cannot tell whether it decided this case on the basis of Count I or went into the question as of the defendant's having placed an encumbrance on the property so that the defendant would be liable under the provisions of G. L. (Ter. ed.) C. 184, § 22.

In September, 1951 the plaintiff received a bill from the tax collector of the City of Newton for $330 representing an assessment under Section 227 of the ordinances of the City of Newton. In granting request No. 5 the court has found that this charge was a usage charge for the privilege of using the City sewerage system and was not a betterment assessment.

We are of the opinion that in fairness to the parties the finding for the plaintiff should be vacated and the case remitted to the court for a new trial in connection with the views expressed in this opinion.

For Plaintiff: John J. Donoghue.

For Defendant: J. Chester Webb.