*Western District*

### MELVIN F. THOMAS ET UX
### v.
### FRANCIS R. SHEA

*Present:* Riley, P. J., Hobson & Alberti, JJ.

Case tried to *Noonan, J.,* in the District Court of Springfield.

*Hobson, J.* This is an action of contract to recover earnest money payments under a written contract for the purchase and sale of certain real property and other expenses incurred preparatory to the transfer of such property as a result of the defendant's alleged breach of said contract by (1) failure to deliver the deed to such property as, and within the time, specified in the said contract, and (2) failure to deliver a deed free from all

incumbrances (except certain encumbrances named in said contract) as was specified in said contract.

The trial judge found the following facts:

On March 4, 1957, the plaintiffs, hereinafter called the buyers, and defendant, hereinafter referred to as the seller, entered into a written agreement for the sale and purchase of the house and lot designated as 109 Anthony Street in Agawam.

The premises were sold subject to a first and second mortgage for the sum of $12,125. Five hundred dollars were paid by the buyers at the signing of the agreement and the balance of five hundred dollars was to be paid at the time of the closing.

The premises were to be conveyed at the Registry of Deeds at 10 A. M. on April 1, 1957, unless some other time and place should be mutually agreed upon.

The premises were to be conveyed free from all encumbrances except:

a. "Provisions of local zoning laws, if any"

b. "Existing rights created by instruments of record in party or partition walls if any;"

c. "Such taxes for the current year as are not due and payable on the date of the delivery of such deed, and any lien for municipal betterments assessed after the date of this agreement."

On March 18, 1957, the buyers notified Attorney Robert Draymore, who represented both the seller and buyers, that they were ready to close the deal and at four P. M. went to his office for that purpose.

At this closing, Attorney Draymore explained to the buyers that the bank would increase its interest rate from 5% to 5½% when the property was transferred, provided the bank approved the buyers. This was satisfactory to the buyers. The buyers then paid Five Hundred Dollars, the balance of the purchase price, and Five Dollars, the fee for the recording of the deed. The buyers executed a guaranty note to the first mortgagee bank and also a guaranty note to the second mortgagee.

Attorney Draymore then told the buyers that the deal was closed and the only thing that remained was the bank's approval of the buyers. And on March 25th the bank approved the buyers.

The buyers took possession of the property and on the day after the closing changed the locks on the door and filled up the oil tank. Shortly thereafter, the real estate agent that handled the deal took the plaintiff Lorraine M. Thomas to an appliance store and through his efforts she bought her appliances from the store at wholesale.

The deed was also subject to an easement in favor of the Western Mass. Electric Co., and also a building restriction in favor of the Moreno Construction Co. and others.

Both of these restrictions were for the benefit of the property and were not such as would cause a prudent man to pause and hesitate before investing his money. Furthermore, both of these restrictions were explained

to the buyers by Attorney Draymore *and were accepted by them at the closing.*

The deal having been closed at the time and place requested by the buyers there was no necessity for the defendant to be at the Registry of Deeds at 10 A. M. on April 1, 1957.

The trial judge found for the defendant.

The plaintiffs seasonably filed eight requests for rulings. The trial judge allowed all of the requests, except the following, which were denied:

4. If there were encumbrances on subject property beyond those set forth in said agreement, the plaintiffs, as a matter of law, are entitled to decline to accept a deed to said property and may rescind the agreement and recover back the money paid under it, without making any tender or formal offer of performance. *Burk v. Schreiber*, 183 Mass. 35; *Rubenstein v. Hershorn*, 259 Mass. 288.

6. The plaintiffs were obligated to take title under subject agreement only if the two aforementioned encumbrances were removed.

7. As a matter of law and upon all the evidence the plaintiffs are entitled to recover.

8. Upon the evidence the plaintiffs are entitled to recover.

The plaintiffs claim to be aggrieved by the denial of the above listed requests.

*We find no prejudicial error.* While the trial judge made no finding that the property was registered land, the evidence tended to show that it was. The plaintiffs

contend that under G. L. c. 185, §57, title to this property could not pass until there was registration and that not having been done on or before April 1st, there was a breach of the contract on the part of the defendant and therefore the plaintiffs were entitled to recover. We do not agree with this contention. The defendant agreed to sell the property and to convey the same by a good and sufficient deed, free from all encumbrances excepting those mentioned in the deed. In the absence of any agreement requiring him so to do, and there was no evidence of such an agreement, there was no obligation on the defendant to take the deed and certificate of title to the Assistant Recorder for the Hampden County District for registration. That was the responsibility of the plaintiffs. So far as this issue is concerned, the defendant did all he was required to do when he delivered to the plaintiffs, as the trial judge found as a fact he did, a deed conveying the property which, when registered, would have passed the title.

The plaintiffs further contend that since the property to be conveyed was subject to an easement in favor of the Western Mass. Electric Co. and a building restriction in favor of the Moreno Construction Company and others, which were not mentioned in the agreement, the plaintiffs were entitled to decline to accept title to the property and to recover their payments made under the agreement. This easement and building restriction, even though beneficial to the owners of the land and though they might increase the value

of their estates, constituted an incumbrance and would have justified the plaintiffs in refusing to accept the deed. *Bennett v. Sheinwald,* 252 Mass. 23, 28.

This, however, the plaintiffs did not do. On the contrary, at the time set for the closing of the transfer, through their attorney, knowing of the easement and the restriction which were explained to them, they accepted the deed, paid the balance of the purchase price, gave their attorney the fee for the recording of the deed, executed guaranty notes to the first and second mortgagees; in addition on the day following the closing they took possession of the premises, and exercised various acts of ownership thereof.

Because of the acceptance of the deed the plaintiffs have no remedy based upon any breach of contract by the defendant. Am. Law Inst. Restatement: Contracts, §413, reads as follows:

> "The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed or are within the rule stated in Section 240 (1b)."

The following illustration of this rule of law is given:

> "A contracts to sell Blackacre to B. Later, A gives and B accepts a deed of conveyance of Blackacre in which A warrants only against encumbrances made or suffered by himself. A mortgage made by a prior owner is an encum-

brance on the land. A's contractual duty to convey a good title is discharged by B's acceptance of the deed."

In the Massachusetts Annotations to the Restatement, Contracts, with reference to said §413, it is said that the law of Massachusetts appears to be contrary to that stated in this section and *Sessa v. Arthur,* 183 Mass. 230, is cited as authority. Any uncertainty as to whether or not this section is the law of Massachusetts has been definitely settled by the case of *Pybus v. Grasso,* 317 Mass. 716, which holds that said §413 states the law of Massachusetts. After quoting said §413, the Court says

"This rule is generally held to apply even though the contract was in writing and contained express provisions as to the title to be conveyed. Williston on Contracts (Rev. ed.) Section 926, at pages 2603-260b, §§723, 1566. Am. Law Inst. Restatement: Restitution, §24, comment *e.* See a multitude of cases collected in 84 AM. L. R. 1008, and in 26 CJS 340. And the rule has been applied in a number of cases where the defect in the conveyance consists in a failure to convey all the land contracted for as well as in cases where the defect is in the title to the land actually conveyed . . . We do not regard the case of *Sessa v. Arthur,* 183 Mass. 230, as finally establishing the law of this Commonwealth in opposition to the general current of authority elsewhere. In that case the court treated the issue as merely one of waiver and as an issue of fact, as generally speaking it would be at common law in the case of acceptance

of personal property sold.... In *Williams v. Hathaway*, 19 Pick. 387, 388, the court said, '... by the rules of law, when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties.' We think this was more than merely a statement of the parol evidence rule. This passage was quoted in *New York, New Haven & Hartford Railroad v. Plimpton*, 238 Mass. 337, at page 340, decided since the Sessa case, and was there treated as applicable where there was a written contract. The Sessa case was not cited."

In conclusion we hold that on the facts found by the trial judge, and on the law applicable thereto, as above stated, the decision of the trial judge in favor of the defendant was not only correct but was required; therefore the action of the trial judge upon the requests, even if erroneous, was harmless. *Rummel v. Peters,* 314 Mass. 504, 518.

*No prejudicial error being found, the report should be dismissed.*

Robert D. Moran, for the Plaintiffs.
Irving M. Cohen, for the Defendant.