Muse, Christopher J.,
A.J. Irving, Jonathan, and Christopher Pettengill (“the Pettengills”) brought the underlying action against Stephen D. Seymour and Sharon R. Seymour (“the Seymours”) alleging that the Seymours caused the illegal reconstruction of a stone groin (“jetty”) on the Pettengills’ abutting land in Harwich Port, Massachusetts. The Seymours were allowed to implead Charles B. Rowley (“Rowley”) as a third-party defendant, alleging that he is liable to them for breach of contract and for negligent misrepresentation. The matter is presently before this court on Rowley’s Motion to Dismiss, or in the Alternative for Summary Judgment.[3]
For the following reasons, Rowley’s motion is ALLOWED.

BACKGROUND

On February 16, 1996, Rowley, as seller, and the Seymours, as buyers, executed a standard form purchase and sale agreement for land and dwellings at 21 Saquatucket Bluffs, Harwich Port. Two provisions of significance to this suit were included: (1) the acceptance of the deed would be deemed to constitute full performance of the contract and discharge all obligations (see Para. 13 of P&S);[4] and, (2) “the seller shall provide the Buyer with a Chapter 91 license for the existing groin.” (See Addendum A.) A deed was tendered and recorded several days thereafter, and a Chapter 91 license was in fact produced.
The Seymours now claim that Rowley negligently misrepresented that he conveyed clear and marketable title, when in fact, post-sale it was established that the groin straddled the property line with the property owned by the Pettengills. The statement that is the predicate of the misrepresentation was an engineering report of Martin Moran, who was retained by Rowley to prepare the Chapter 91 license, which included a plan showing the groin entirely within the Rowley/Pettengill property.
Rowley denies liability for any misrepresentation on two grounds: (1) no actionable misrepresentation was made; and, (2) the statement of Moran, while in error, cannot be attributed to him.

DISCUSSION

I. Standard of Review

Summary judgment is properly granted where there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995). In reviewing the summary judgment record, this court “must read the record in the manner most gratifying to the party opposing summary judgment, indulging all reasonable inferences in that party’s favor.” Newport Plaza Assoc. v. Durfee Attleboro Bank, 985 F.2d 640, 643 (1st Cir. 1993); see also Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).
The moving party bears the burden of áffirmatively demonstrating the absence of a triable issue and entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may meet this burden by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial, or by submitting affirmative evidence that negates an essential element of the opposing party’s case. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

II. Negligent Misrepresentation

The Seymours assert that Rowley, when relying on Moran’s erroneous report, negligently misrepresented[5] certain aspects of the chapter 91 license delivery. To demonstrate a claim for negligent misrepresentation, the Seymours must show that Rowley, in the course of his business, supplied them with false information for their guidance in their business transactions, thereby causing them financial loss due to their justifiable reliance on that information, which was obtained and communicated in the absence of the exercise of reasonable care or competence. Nota Construction Corp. v. Keyes Associates, Inc., 45 Mass.App.Ct. 15, 19-20 (1998). Thus, under Massachusetts law a “representation may be negligent where there is a lack of reasonable care in ascertaining the facts, or in the manner of expression, or absence of skill and competence required by a particular business or profession.” Cummings v. HPG Intern., Inc., 244 *290 F.3d 16, 25 (1st Cir. 2001) (internal quotation omitted) . In the present case, Rowley only represented facts obtained from Moran’s report, which he reasonably believed to be accurate. As the parties had no reason to doubt Moran’s engineering report on its face, the Seymours can only show negligent misrepresentation by Rowley by demonstrating that Moran’s statements can be imputed to Rowley.
As there is no evidence presently in the record to support the existence of an agency relationship between Rowley and Moran, the statements in Moran’s report cannot be imputed to Rowley. Cf. Bockser v. Dorchester Mut. Fire Ins. Co., 327 Mass. 473, 477 (1951) (“[i]n general, the fraud of an agent acting in the course of his employment is binding upon his principal”). Rather, the evidence indicates that Moran was hired as an independent contractor and that Rowley retained no control over Moran’s work. See Lyon v. Morphew, 424 Mass. 828, 834 (1997) (requiring employer retain control over the work of the independent contractor in order to form agency relationship); Peters v. Hay market Leasing Inc., 64 Mass.App.Ct. 767, 773-74 (2005) (discussing whether an individual’s conduct was subject to the control of a principal).
Furthermore, any negligent misrepresentation by Rowley is barred by the merger clause set forth in paragraph thirteen of the purchase and sale agreement. Sound Techniques, Inc. u. Hoffman, 50 Mass.App.Ct. 425, 432-33 (2000). Pursuant to paragraph thirteen, the acceptance of the deed by the Seymours constituted full performance of the agreement and discharged all obligations of the parties. Id.

III. Breach of Contract

The Seymours’ breach of contract claim fails as a matter of law as to Rowley. As discussed above, the purchase and sale contained two relevant provisions: (1) the acceptance of the deed would constitute full performance of the contract; and, (2) that Rowley shall provide a Chapter 91 license for the jetty. Rowley did in fact produce the Chapter 91 license. Further, the Seymours accepted the deed, which thereby constituted full performance of the contract. Pybus v. Grosso, 317 Mass. 716, 717 (1945), quoting Am. Law Inst. Restatement: Contracts, §413 (“[t]he acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed”).[6] Thus, upon accepting a deed, the Seymours cannot pursue Rowley for breach of the terms of the purchase and sale agreement; they can only sue for breach of the warranties included in the deed. See id. If the Seymours have any surviving claims about the conveyance, they would be based on the warranties in the deed, and would be actionable against Rowley on that basis.

ORDER

For the reasons stated herein, Rowley’s Motion for Summary Judgment is ALLOWED.

Because the parties requested the court to consider matters outside the pleadings, including the uncontroverted allegations of counsel, this motion, with their assent will be treated as one for summary judgment under Rule 56.

Paragraph 13 in its entirety provides ‘‘[tlhe acceptance of a deed by the Buyer or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof to be performed after the delivery of said deed.”

The Seymours cannot demonstrate that Rowley knowingly or recklessly misrepresented information of the Chapter 91 license and therefore that the alleged misrepresentations were intentional. See Lily Transp. v. Royal Institutional Sew. 64 Mass.App.Ct. 179, 200 n.10 (2005), quoting Barrett Assocs. v. Aronson, 346 Mass. 150, 152 (1963) (for intentional misrepresentation “a plaintiff must generally prove ‘that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff (justifiably] relied upon the representation as true and acted upon it to his damage’ ”); Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 48 n.2 (1998), quoting J.R. Nolan & L.J. Sartorio, Tort Law §141 (2d ed. 1989) (defining common law deceit as the “misrepresentation of an existing material fact, made with knowledge of the falsity of the misrepresentation or with recklessness, intending that the plaintiff rely and with resulting damage from the reliance”). Rather, the undisputed facts indicate that Rowley was reasonably relying on Moran’s report.

Section 413 of the Restatement provides an exception to this rule, which can allow “promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed” to survive and be enforced after the deed is given. Pybus, 317 Mass. at 719.