Curran, Dennis J.,
J. Robert and Kimberly Schoembs bought a home in Medford from Robert and Christine Schena in July 2007. In August 2010, Mr. and Mrs. Schoembs hired a structural engineer to examine some cracks they had seen in the foundation walls in the basement of the home. The engineer reported that the home was likely built on loose fill or peat which caused the house to shift. On June 27, 2013, Mr. and Mrs. Schoembs sued Mr. and Mrs. Schena, Peter Gallagher and Sandra Gardner, the brokers for the sale, their respective companies, Gallagher Real Estate Corporation and ERA Andrew Realty, Tiger Home Inspection, and the individual inspector, Jeff Pederson. Mr. and Mrs. Schoembs alleged, inter alia, that the condition of the home had been fraudulently misrepresented to them. The claims against Mr. Gallagher and Gallagher Real Estate all arise from the use of Tiger Home Inspection to inspect the property. In the motion before the Court, Mr. Gallagher and Gallagher Real Estate assert that there are no genuine issues of material fact and they are entitled to judgment as a matter of law on the claims alleging negligent referral/recommendation of a home inspector (Count II), negligent misrepresentation (Count III), breach of the duty of loyalty (Count IV), breach of the duty of good faith and fair dealing (Count V), and intentional misrepresentation, fraud, and deceit (Count VI).
For the following reasons, Patrick Gallagher and Gallagher Real Estate Corporation’s motion for summary judgment is ALLOWED in part and DENIED in part.
FACTUAL BACKGROUND
The following facts are taken from the summary judgment record and the Statement of Material Facts filed under Superior Court Rule 9A(b)(5), detailed in the light most favorable to Mr. and Mrs. Schoembs, the non-moving parties.[3] See Attorney Gen. v. Bailey, 386 Mass. 367, 371 (1982).
In the spring of 2007, Robert and Kimberly Schoembs hired Patrick Gallagher, of Gallagher Real Estate Corporation, to be their broker for the purchase of a home in the Boston area. Mr. and Mrs. Schoembs had seen a listing for a properly at 29 Woods Road in Medford and went to view the property on May 14, 2007. The listing included a disclosure about settlement of the home.
Mr. Gallagher emailed Mr. and Mrs. Schoembs and asked what they planned to do about a home inspection and when. He stated that if Mr. and Mrs. Schoembs would be unable to make an appointment with the inspector, then he could schedule the inspection and attend himself. After hearing Mr. and Mrs. Schoembs would be in Washington, D.C., Mr. Gallagher said he would call Tiger Home Inspection, if that was agreeable to them, and he would attend the inspection himself. Mr. and Mrs. Schoembs never objected to his choice of Tiger Home as an inspector.
On May 20, 2007, Jeff Pederson, an inspector for Tiger Home, inspected the house. After the inspection, Mr. Pederson sent a report to Mr. Gallagher. Mr. Gallagher forwarded the report to Mr. and Mrs. Schoembs that same day. The report mentioned slanting in the floor and some cracking in the foundation, which Mr. Pederson believed would not worsen. However, Mr. Pederson did note that he was unable to inspect some of the foundation because the basement was mostly finished and access to the foundation was obstructed. He also recommended to Mrs. and Mrs. Schena that they contact a structural engineer if they wanted a further evaluation of the slanting floors and cracks he observed in the foundation.[4]
Three days later, Mr. and Mrs. Schoembs received a copy of the Sellers’ Statement of Property Conditions from Mr. Gallagher. On questions about the foundation and chimney, the Statement said “(w]ork completed. See contract.” After receiving both the inspection and report and the Sellers’ Statement, Mr. and Mrs. Schoembs did not consult further with anyone either in the construction, engineering, or home inspection fields.
On May 31, 2007, Mr. and Mrs. Schoembs signed a purchase and sale agreement. The agreement stated that the property would be delivered in the same condition as it was at the time the agreement was *512 signed and that Mr. and Mrs. Schoembs were entitled again to inspect the property to determine whether the condition of the property complied with the agreement. Furthermore, the agreement stated that the sellers and brokers made no additional warranties or representations to induce Mr. and Mrs. Schoembs to buy the property, and that they agreed to buy the properly “As Is.”
The Schenas and Schoembs closed the sale on the property on July 16,2007. After moving into the home, Mrs. Schoembs noticed cracks in the foundation in the fall of 2009 and Mr. Schoembs noticed the cracks “several years” before August 2010. On June 27, 2013, Mr. and Mrs. Schoembs sued Mr. and Mrs. Schena, Mr. Gallagher, Gallagher Real Estate, Sandra Gardner, ERA Andrew Realty, Tiger Home, and Mr. Pederson.
DISCUSSION
I.Standard of Review
Summary judgment will be granted where, “viewing the evidence in the light most favorable to the nonmov-ing parly, all material facts have been established, and the moving party is entitled to judgment as a matter of law.” Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007).
The court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, when deciding motions for summary judgment. Polaroid Corp. v. Rollins Envtl. Servs., 416 Mass. 684, 696 (1993), citing Conley v. Massachusetts Bay Transp. Auth., 405 Mass. 168, 173 (1989). While the court views the evidence in the light most favorable to the non-moving parly, it does not weigh the evidence, determine witness credibilily, or make its own findings of fact. Bailey, 386 Mass. at 370-71.
When the moving party does not bear the burden of proof at trial, as is the case here, it is entitled to summary judgment either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party meets its burden, the non-moving party must provide specific facts to show that there is a genuine issue for trial. Id.
II.The Allegations of Negligent Referral/Recommendation, Negligent Misrepresentation, Breach of the Duly of Loyalty, and Breach of the Covenant of Good Faith and Fair Dealing
Mr. Gallagher and Gallagher Real Estate assert oniy that these claims against them are barred by the merger doctrine which precludes claims based on provisions of a purchase and sale agreement after the deed has passed to the buyers, unless such provisions are encompassed in the deed. See Pybus v. Grasso, 317 Mass. 716, 717 (1945).
However, an exception to the merger doctrine is instructional. Pybus states that “there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged into the deed, but may survive it and be enforced after the deed is given.” Id. at 719. Admittedly, this exception tends to be limited to situations where the defendant is the seller, and often builder of the home and property. The exception provides guidance here. See Lipson v. Southgate Park Corp., 345 Mass. 261, 625-26 (1963) (agreement which discussed detailed construction plans for home on property not normally included in a deed for sale so not all provisions of purchase and sale merged with the accepted deed).
Here, the provision in the purchase and sale agreement which compensates the brokers for providing professional real estate broker’s services is certainly additional or collateral to the main promise of the agreement, that is, to transfer the properly between the buyer and seller. Each claim against Mr. Gallagher and Gallagher Real Estate is based on some variation of allegations that they did not adequately check the qualifications, reputation, experience, or reliability of Tiger Home and did not ensure that Tiger performed a “meaningful” home inspection. Therefore, because the merger doctrine cannot preclude Mr. and Mrs. Schoembs’ claims, and Mr. Gallagher and Gallagher Real Estate have not attempted to otherwise discredit Mr. and Mrs. Schoembs’ claims, the motion for summary judgment must be denied as to Counts II, III, IV, and V.
III.Allegation of Intentional Misrepresentation, Fraud, and Deceit
In order to prove fraud, Mr. and Mrs. Schoembs must demonstrate that Mr. Gallagher and Gallagher Real Estate made a false representation of a material fact, which they knew to be false, for the purposes of inducing them to act upon the false misrepresentation. See Danca v. Taunton Sav. Bank, 381 Mass. 1, 8 (1982).
Mr. and Mrs. Schoembs allege that Mr. Gallagher committed fraud by knowing that Tiger Home and Mr. Pederson did not perform a meaningful-inspection of the home and allowing Mr. Pederson to intentionally submit a report to Mr. and Mrs. Schoembs which made false representations upon which they relied. Mr. Gallagher and Gallagher Real Estate assert several arguments against this claim: that Mr. and Mrs. Schoembs did not rely on any representations made by Mr. Gallagher when purchasing the home, that there is no evidence the alleged representations were false, and that Mr. Gallagher knew of no allegedly false representations.
The record is clear that Mr. Gallagher did not make the alleged false representations. The report which Mr. and Mrs. Schoembs allege was fraudulent and in *513 duced them to purchase the home was prepared and submitted by Mr. Pederson. Furthermore, there is no evidence to suggest that Mr. Pederson conducted anything less than a meaningful inspection of the home or that Mr. Gallagher had any contrary knowledge. Additionally, the sellers’ disclosures were supplied by the Schenas and Ms. Gardner. Simply because Mr. Gallagher was the middleman who provided these documents to Mr. and Mrs. Schoembs does not mean that he intentionally committed fraud by passing along documents which are alleged to have been false. Therefore, because there is no record evidence that Mr. Gallagher or Gallagher Real Estate made any false representations, summary judgment must be allowed on Count VI.
ORDER
For these reasons, Patrick Gallagher and Gallagher Real Estate Corporation’s motion for summary judgment is ALLOWED with respect to the claims of intentional misrepresentation, fraud, and deceit (Count VI), and DENIED with respect to claims alleging negligent referral/recommendation (Count I), negligent misrepresentation (Count III), breach of the duly of loyally (Count IV) and breach of the duly of good faith and fair dealing (Count V).

To the extent that Mr and Mrs. Schoembs did not respond to the facts alleged by Mr. Gallagher and Gallagher Real Estate in the Joint Statement of Undisputed Material Facts, those facts will be deemed admitted as required in Superior Court Rule 9A(b)(5)(ii). Similarly, to the extent that the defendants, in the single Joint Statement of Undisputed Material Facts filed with their three separate motions for summary judgment, failed to respond to any of the allegations of fact, those facts are deemed admitted by the non-responsive defendant, as specified under Superior Court Rule 9A(b)(5)(iv).

The entirety of the relevant note reads as follows: “This home experienced maj or settlement of its foundation long ago. The entire place, including the basement floor has settled + created sloping toward the front and rt (sic) front. Steps were taken to reenforce (sic) the area adjacent to the chimney. There was visible cracking in the foundation seen in the crawl space. There was no cracking seen in the main basement. If you can be comfortable with the sloping floors I do not believe this is going to worsen. Contact a structural engineer if you wish to evaluate this issue further.”